■ SUZANNE ROTTA, Respondent, v DAN ROTTA, Appellant. —Order, Supreme Court, New York County (Walter Schackman, J.), entered January 10, 1992, which granted plaintiff's motion for bifurcation of the issues of custody and marital status from the financial issues and, order of the same court, entered March 27, 1992, granting reargument and upon reargument, adhering to its prior determination, unanimously affirmed, without costs.

The court did not abuse its discretion pursuant to CPLR 603 in severing the financial issues from the issues of marital status and custody in this case where the parties are possessed of many assets, and equitable distribution proceedings are likely to be of extended duration. Protracted proceedings can only redound to the detriment of the children, who would benefit from an expeditious determination of custody. Concur —Milonas, J. P., Ellerin, Kassal and Rubin, JJ.

■ CHARLES SANZONE et al., Appellants, v R.H. MACY & CO., INC., et al., Respondents, et al., Defendant.—Judgment, Supreme Court, New York County (Burton S. Sherman, J.), entered June 17, 1991, granting respondents' motion for summary judgment and dismissing the action against respondents, unanimously affirmed, without costs.

The IAS Court properly determined that the documentary proof, deeds and evidence of corporate mergers established that the respondents were neither the owners nor in control of the Herald Square store on December 29, 1988, the day plaintiff Charles Sanzone, an employee of Macy's Northeast Inc. was injured. Concur—Milonas, J. P., Ellerin, Kassal and Rubin, JJ.