■ MARGARET LEWIS et al., Appellants, v R.H. MACY & COMPANY, INC., Doing Business as R.H. MACY's, Respondent. [624 NYS2d 253] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered September 23, 1993, which, upon an order of the same court, dated August 10, 1993, granting the defendants' motion to dismiss the complaint for having been served on the wrong corporate defendant, dismissed the complaint. The plaintiffs' notice of appeal from the order is deemed a premature notice of appeal from the judgment *(see,* CPLR 5520 [c]).

Ordered that the judgment is modified, on the law and as an exercise of discretion, by adding a provision thereto amending the caption of the summons and complaint to include the defendant Macy's Northeast, Inc., and severing the action as against that defendant; as so modified, the judgment is affirmed, without costs or disbursements.

Inasmuch as the defendant R.H. Macy & Co., Inc., demonstrated that it was neither the owner nor the tenant in possession of the Macy's store in Bay Shore in which the plaintiff Margaret Lewis was allegedly injured, the Supreme Court correctly dismissed the action as against that defendant *(see, Sanzone v Macy & Co.,* 190 AD2d 617). However, the record further establishes that the plaintiffs intended to proceed against the lessee in possession and control of the Bay Shore Macy's store, which is Macy's Northeast, Inc. (hereinafter Macy's Northeast). The plaintiff timely served a summons and complaint upon an acting manager of that store *(see,* CPLR 311 [1]; *see, Martin v Archway Inn,* 164 AD2d 843; *cf., Ingenito v Grumman Corp.,* 192 AD2d 509) and it is apparent that Macy's Northeast would not be prejudiced by its inclusion in this action. Therefore, an amendment is warranted to

correct the plaintiffs' misdesignation of the appropriate defendant *(see,* CPLR 305 [c]; *see, Ober v Rye Town Hilton,* 159 AD2d 16; *Simpson v Kenston Warehousing Corp.,* 154 AD2d 526; *Creative Cabinet Corp. v Future Visions Computer Store,* 140 AD2d 483; *Albilia v Hillcrest Gen. Hosp.,* 124 AD2d 499).

We have reviewed the respondent's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.