■ MICHAEL J. BARTNICKI, Appellant, v CENTEREACH FIRE DEPARTMENT, Respondent, et al., Defendant. [635 NYS2d 696] —In a negligence action, *inter alia*, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 22, 1994, as denied his cross motion for leave to amend the caption of his pleadings and notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

While riding a motorcycle, the plaintiff was allegedly forced off the road and caused to hit another vehicle. Thereafter, he served a notice of claim upon the defendant Centereach Fire Department (hereinafter the Fire Department) and subsequently commenced this action against it, among others. The plaintiff alleged that the vehicle which had forced him off the road was owned by the Fire Department and was being operated by one of its agents at the time of the accident.

When the Fire Department moved to dismiss the complaint against it because the vehicle was owned by the Centereach Fire District (hereinafter the Fire District) and being operated by its agent, the plaintiff cross-moved, *inter alia*, for leave to amend his pleadings and notice of claim to change the defen-

dant from the Fire Department to the Fire District, and to add as a defendant the driver of the vehicle, whose name the plaintiff had recently learned.

The plaintiff's cross motion was properly denied. CPLR 305 (c) "allow[s] a misnomer in the description of a party defendant to be cured by amendment, even after the Statute of Limitations has run. Generally, such an amendment should be granted where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 19-20). Since there was no evidence in this case that the plaintiff had in fact properly served the Fire District, the plaintiff's cross motion with respect to the Fire District was properly denied (*see, Ingenito v Grumman Corp.*, 192 AD2d 509, 511). Moreover, until the plaintiff learned that the Fire District owned the subject vehicle, he intended to sue the Fire Department, an entity distinct from the Fire District. Thus, this is not a case in which the party was misnamed (*see, Potamianos v Convenient Food Mart*, 197 AD2d 734, 736).

The court also properly denied the plaintiff's cross motion with respect to the driver of the vehicle, since the Statute of Limitations had run, and the driver was an employee of the Fire District, who was acting in the scope of his employment when the accident occurred (*see, Wilson v City of New York*, 173 AD2d 276; *see also, Coleman v Westchester St. Transp. Co.*, 57 NY2d 734). O'Brien, J. P., Ritter, Friedmann and Goldstein, JJ., concur.