■ DONNA T. GENNOSA, Respondent, v TWINCO SERVICES, INC., Appellant. [699 NYS2d 459] —In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nas-

sau County (Levitt, J.), dated December 8, 1998, as denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was to amend the caption pursuant to CPLR 305 (c).

Ordered that the order is reversed insofar as appealed from, with costs, the motion is granted, that branch of the cross motion which was to amend the caption is denied, and the complaint is dismissed.

The Supreme Court erred in permitting the plaintiff to amend the caption of this action to substitute Melmarkets, Inc., as the defendant in place of Twinco Services, Inc., a/k/a Twin County Grocers, Inc. (hereinafter Twinco). An amendment pursuant to CPLR 305 (c) to correct the misnaming of a defendant may be permitted, even after the expiration of the relevant Statute of Limitations, provided that jurisdiction was timely obtained over the intended defendant and the intended defendant was fairly apprised of the action against it such that it is not prejudiced by the amendment (*see, Bracken v Niagara Frontier Transp. Auth.*, 251 AD2d 1068; *Feszczyszyn v General Motors Corp.*, 248 AD2d 939; *Pugliese v Paneorama Italian Bakery Corp.*, 243 AD2d 548; *Ober v Rye Town Hilton*, 159 AD2d 16). Here, the plaintiff served process only upon Twinco, a corporate entity distinct and independent from Melmarkets, Inc. Since there is no evidence that jurisdiction was ever obtained over Melmarkets, Inc., or that Melmarkets, Inc., ever became aware of the action, that branch of the plaintiff's cross motion which was to amend the caption should have been denied (*see, Feszczyszyn v General Motors Corp., supra; Pugliese v Paneorama Italian Bakery Corp., supra; Vandermallie v Liebeck*, 225 AD2d 1069; *Bartnicki v Centereach Fire Dept.*, 222 AD2d 637).

Furthermore, since Twinco submitted evidence demonstrating that it did not own, operate, or have any other connection with the premises where the plaintiff allegedly fell, and the plaintiff raised no triable issue of fact in opposition thereto, Twinco's motion for summary judgment must be granted (*see generally, Zuckerman v City of New York*, 49 NY2d 557). Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.