■ Laura Smith, Appellant, v Giuffre Hyundai, Ltd., Respondent. [876 NYS2d 450]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Liebowitz, J.), entered December 11, 2007, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion for leave to amend the caption of the summons and complaint to reflect the name of the defendant as "Giuffre Hyundai of White Plains, Ltd."

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action alleging that she was injured in a trip and fall accident at a Hyundai car dealership in White Plains. It is undisputed that the dealership was owned by "Giuffre Hyundai of White Plains, Ltd." (hereinafter Giuffre White Plains). The summons and complaint, however, named the defendant "Giuffre Hyundai Ltd.," an entity which owns and operates a Hyundai dealership in Brooklyn (hereinafter Giuffre Brooklyn). The two corporations had the same president and general manager, but their ownership was different, and Giuffre White Plains ceased business operations before the plaintiff commenced this action. The plaintiff effected service on the Secretary of State, the agent designated for service by both "Giuffre" corporations, and also by personally delivering process to an address in Brooklyn that was listed by both corporations as the forwarding address for service made upon the Secretary of State.

Giuffre Brooklyn subsequently moved for summary judgment dismissing the complaint on the ground that it did not own or operate the premises where the accident took place. The plaintiff cross-moved for leave to amend the caption to reflect the appropriate corporate defendant, Giuffre White Plains, arguing that the proper entity had been served, and that the error was merely an inadvertent misnomer in the caption. The Supreme Court granted the defendant's motion for summary judgment and denied the cross motion. We affirm.

"Under CPLR 305 (c), an amendment to correct a misnomer will be permitted 'if the court has acquired jurisdiction over the

intended but misnamed defendant provided that . . . the intended but misnamed defendant was fairly apprised that [it] was the party the action was intended to affect . . . [and] would not be prejudiced' by allowing the amendment" (*Holster v Ross*, 45 AD3d 640, 642 [2007], quoting *Simpson v Kenston Warehousing Corp.*, 154 AD2d 526, 527 [1989]; *see Perrin v McKenzie*, 266 AD2d 269, 270 [1999]; *Pugliese v Paneorama Italian Bakery Corp.*, 243 AD2d 548 [1997]; *Ober v Rye Town Hilton*, 159 AD2d 16 [1990]; *Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d 483 [1988]).

Here, because the plaintiff never established that she obtained jurisdiction over Giuffre White Plains, her cross motion was properly denied. First, by serving on the Secretary of State a summons and complaint naming Giuffre Brooklyn as the defendant, the plaintiff did not thereby also obtain jurisdiction over the entirely separate corporate entity of Giuffre White Plains, despite their having the same forwarding address. Upon receipt of the summons by the Secretary of State, service was complete and jurisdiction was obtained only over the named party (*see Associated Imports v Amiel Publ.*, 168 AD2d 354 [1990]; *Micarelli v Regal Apparel*, 52 AD2d 524 [1976]; *see generally* Siegel NY Prac § 70, at 110 [4th ed]). Moreover, the Secretary of State's forwarding of process properly served on it for Giuffre Brooklyn did not thereby confer jurisdiction over Giuffre White Plains (*see generally* CPLR 311 [a] [1]). Further, there is no evidence in the record that the process delivered personally to the Brooklyn address was delivered to a person authorized to accept service of process for Giuffre White Plains (*see* CPLR 311 [a] [1]; *Rinzler v Jafco Assoc.*, 21 AD3d 360, 362 [2005]; *Feszczyszyn v General Motors Corp.*, 248 AD2d 939, 940-941 [1998]; *Pugliese v Paneorama Italian Bakery Corp.*, 243 AD2d 548, 549 [1997]; *cf. Balderman v Capital City/Am. Broadcasting Co.*, 233 AD2d 861, 862 [1996]). In the absence of jurisdiction over Giuffre White Plains, the Supreme Court properly denied the plaintiff's cross motion for leave to amend the caption.

As the named defendant, Giuffre Brooklyn, established prima facie that it did not own, operate, control, or manage the premises where the plaintiff allegedly was injured, and the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.