In the Matter of BOARD OF MANAGERS OF OYSTER POINT CONDOMINIUM, Appellant, v DAVID NYCE et al., Respondents. [914 NYS2d 229]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent/defendant Greenport Utilities, a Department of the Incorporated Village of Greenport, to bill the petitioner/plaintiff condominium for water and sewer charges on the basis of the number of meters on the premises owned by the petitioner/plaintiff instead of on the basis of the number of units within the condominium, and action for a judgment declaring that the present billing practices of that respondent/defendant are not in conformance with Greenport Village Code § 105-40 (B), the petitioner/plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Suffolk County (Jones, Jr., J.), entered November 6, 2009, as, upon an order of the same court dated July 28, 2009, inter alia, granting that branch of the respondents/defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against the respondent/defendant Greenport Utilities, a Department of the Incorporated Village of Greenport and, in effect, denying the petitioner/plaintiff's application pursuant to CPLR 305 (c) to amend the petition/complaint and caption by naming the Incorporated Village of Greenport as a respondent/defend-

ant in place of Greenport Utilities, a Department of the Incorporated Village of Greenport, among other things, is in favor of the respondent/defendant Greenport Utilities, a Department of the Incorporated Village of Greenport, and against it, dismissing the petition/complaint insofar as asserted against that respondent/defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, that branch of the respondents/defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the petition/complaint insofar as asserted against the respondent/defendant Greenport Utilities, a Department of the Incorporated Village of Greenport, is denied, the petition/complaint is reinstated insofar as asserted against Greenport Utilities, a Department of the Incorporated Village of Greenport, the petitioner/plaintiff's application pursuant to CPLR 305 (c) to amend the petition/complaint and caption to name the Incorporated Village of Greenport as a respondent/defendant in place of Greenport Utilities, a Department of the Incorporated Village of Greenport, is granted, and the order dated July 28, 2009, is modified accordingly.

This proceeding and action arises from a dispute over water and sewer billing. The petitioner/plaintiff (hereinafter the petitioner) commenced this proceeding and action against the respondents/defendants David Nyce, the Mayor of the Incorporated Village of Greenport, George Hubbard, Jr., Valerie Shelby, Michael Osinski, and William Swiskey, Trustees of the Incorporated Village of Greenport, together constituting the Board of Trustees of the Incorporated Village of Greenport (hereinafter collectively the Board), and Greenport Utilities, a Department of the Incorporated Village of Greenport (hereinafter Greenport Utilities) in the nature of mandamus compelling these respondents/defendants to return to their prior billing practices, and seeking a judgment declaring that the billing practices of these respondents/defendants were improper and unauthorized.

In lieu of answering, the Board and Greenport Utilities (hereinafter together the respondents) moved to dismiss the petition/complaint pursuant to, inter alia, CPLR 3211 (a) (7). In their motion papers, the respondents explained that the village water system was operated by the Village, and that the utility billing was done by village employees. Since the Village was not a named party, the respondents argued that the petition/complaint must be dismissed, among other grounds, for failure to state a cause of action against the named respondents.

The petitioner opposed the motion to dismiss the

petition/complaint, and made an application for leave to amend the petition/complaint and the caption to correct the misnaming of Greenport Utilities by substituting it with the correct party, the Incorporated Village of Greenport. The Supreme Court, in an order dated July 28, 2009, granted the respondents' motion to dismiss the petition/complaint and, in effect, denied the application for leave to amend the caption. A judgment dismissing the petition/complaint was entered in favor of the respondents on November 6, 2009. The petitioner appeals from so much of the judgment as dismissed the petition/complaint insofar as asserted against Greenport Utilities, arguing, inter alia, that dismissal of the petition/complaint insofar as asserted against Greenport Utilities was not warranted, and that leave to amend the petition/complaint and the caption should have been granted. We agree.

On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction (*see* CPLR 3026; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]) and the motion court must accord the plaintiff "the benefit of every possible favorable inference," accept the facts alleged in the petition/complaint as true, and "determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d at 87-88). Moreover, under CPLR 305 (c), an amendment to correct a misnomer will be permitted "where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (*Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d 483, 484-485 [1988]; *see Holster v Ross*, 45 AD3d 640, 642 [2007]; *Ober v Rye Town Hilton*, 159 AD2d 16, 20 [1990]). These standards have been met here.

The respondents, in an affidavit of the Village Administrator of the Village of Greenport, explained that the Village's water system was operated by the Village, and that the utility billing was done by village employees. While the respondents have steadfastly asserted that "Greenport Utilities" does not exist as an independent entity, "Greenport Utilities" is the name listed on the utility bills which, according to the Village Administrator, were sent to customers by village employees. Therefore, "Greenport Utilities" is the name under which the Village conducts business and under which it holds itself out as a provider of utility services (*see Ober v Rye Town Hilton*, 159 AD2d at 20-21; *Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d at 484). Thus, by naming "Greenport Utilities, a Department of the Incorporated Village of Green-

port," as a respondent/defendant in this matter, the petitioner fairly apprised the Village that it was the party that the proceeding and action was intended to affect; based upon the Village's undisputed use of the name "Greenport Utilities," the Village could not possibly have been misled as to whether it was or was not the intended party.

Moreover, it is undisputed that the petition/complaint was served upon the Village, as conceded by the Village Administrator (*see Holster v Ross*, 45 AD3d at 642; *Lewis v R.H. Macy & Co.*, 213 AD2d 605 [1995]; *cf. Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1041-1042 [2009]). Therefore, the petitioner's application pursuant to CPLR 305 (c) for leave to amend the petition/complaint and caption should have been granted, and that branch of the respondents' motion which was to dismiss the petition/complaint for failure to state a cause of action insofar as asserted against Greenport Utilities should have been denied (*see Lewis v R.H. Macy & Co.*, 213 AD2d at 605-606; *Ober v Rye Town Hilton*, 159 AD2d at 20-21; *Creative Cabinet Corp. of Am. v Future Visions Computer Store*, 140 AD2d at 484; *see also Holster v Ross*, 45 AD3d at 643; *cf. Smith v Giuffre Hyundai, Ltd.*, 60 AD3d at 1041-1042; *Smith v Garo Enters., Inc.*, 60 AD3d 751 [2009]; *Konstantinovic v I.T.M. Jumberca*, 204 AD2d 403, 404-405 [1994]). Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.