■ Francis R. Honeyman et al., Respondents, v Curiosity Works, Inc., et al., Defendants, and National Underwriter Company, Appellant. [993 NYS2d 77]—

In an action, inter alia, to recover damages for personal injuries, the defendant National Underwriter Company appeals from an order of the Supreme Court, Queens County (Greco,

Jr., J.), entered March 6, 2013, which denied its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Summit Business Media, and granted the plaintiffs' cross motion for leave to amend the caption by substituting the names Summit Business Media, LLC, and National Underwriter Company, as successor-in-interest to Summit Business Media, for the defendant Summit Business Media, and for an extension of time to serve the amended summons and complaint upon the defendants Summit Business Media, LLC, and National Underwriter Company.

Ordered that the order is reversed, on the law, with costs, the appellant's motion is granted, and the plaintiff's cross motion is denied.

On February 23, 2009, the plaintiff Francis R. Honeyman (hereinafter the plaintiff) allegedly was injured while working at the Jacob K. Javits Convention Center during an art exhibition conducted by National Underwriter Company, as successor-in-interest to Summit Business Media, LLC (hereinafter the appellant). On February 17, 2012, the plaintiff, and his wife suing derivatively, commenced this action against, among others, "Summit Business Media," by filing a summons and complaint with the Queens County Clerk's Office. On May 3, 2012, the plaintiffs purported to serve "Summit Business Media" by delivering copies of the papers to an agent authorized to accept service on behalf of Summit Business Media Holding Company.

In support of its motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against "Summit Business Media," the appellant's principal averred that Summit Business Media Holding Company, a holding company for a subsidiary holding company which owns the appellant, had forwarded a copy of the complaint to the appellant, and its attorney argued that the plaintiffs had incorrectly commenced this action against the trade name "Summit Business Media." The plaintiffs cross-moved for leave to amend the summons and complaint to correct the caption by substituting the names "Summit Business Media, LLC, and The National Underwriter Company" for the defendant Summit Business Media, and for an extension of time to serve the amended summons and complaint upon the appellant and Summit Business Media, LLC. The Supreme Court denied the motion and granted the cross motion.

The Supreme Court should have granted the appellant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against "Summit Business Media," as a trade name is not a jural entity amenable to suit (see Holtzman

*v KTB Athletics SB TM*, 113 AD3d 656, 656 [2014]; *Equestrian Assoc. v Freidus*, 192 AD2d 572, 574 [1993]; *Provosty v Lydia E. Hall Hosp.*, 91 AD2d 658 [1982], *affd* 59 NY2d 812 [1983]). In addition, under CPLR 305 (c), "an amendment to correct a misnomer will be permitted 'if the court has acquired jurisdiction over the intended but misnamed defendant provided that . . . the intended but misnamed defendant was fairly apprised that [it] was the party the action was intended to affect . . . [and] would not be prejudiced' by allowing the amendment" (*Holster v Ross*, 45 AD3d 640, 642 [2007], quoting *Simpson v Kenston Warehousing Corp.*, 154 AD2d 526, 527 [1989]; *see Sally v Keyspan Energy Corp.*, 106 AD3d 894 [2013]; *Ober v Rye Town Hilton*, 159 AD2d 16, 19-20 [1990]). Here, because neither the appellant nor its predecessor-in-interest, Summit Business Media, LLC, were served with process, the Supreme Court lacked personal jurisdiction over them, and lacked the authority to grant leave to amend the summons and complaint (*see Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC*, 111 AD3d 861, 862 [2013]; *Henriquez v Inserra Supermarkets, Inc.*, 68 AD3d 927, 928 [2009]; *Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1042 [2009]). Further, the plaintiffs failed to establish that the relation-back doctrine applied (*see* CPLR 203 [b]; *Kinder v Braunius*, 63 AD3d 885 [2009]; *Hirsh v Perlmutter*, 53 AD3d 597 [2008]; *Tricoche v Warner Amex Satellite Entertainment Co.*, 48 AD3d 671 [2008]).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.