INNA TOKHMAKHOVA, Appellant, v H.S. BROTHERS II CORP., Respondent. [18 NYS3d 85]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered September 5, 2014, which denied her renewed motion pursuant to CPLR 305 (c) for leave to amend the caption to name H.S. Brothers Corporation as a defendant instead of the named defendant, H.S. Brothers II Corp.

Ordered that the order is affirmed, with costs.

CPLR 305 (c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced" (CPLR 305 [c]). Where the motion is to cure "a misnomer in the description of a party defendant," it should be granted even after the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 19-20 [1990]; *see Honeyman v Curiosity Works, Inc.*, 120 AD3d 1302, 1303 [2014]; *Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC*, 111 AD3d 861 [2013]; *Sally v Keyspan Energy Corp.*, 106 AD3d 894, 895-896 [2013]). While CPLR 305 (c) may be used to cure a misnomer in the description of a party defendant, it cannot be used after the expiration of the statute of limitations as a device to add or substitute an entirely new defendant who was not properly served (*see Sanders v 230FA, LLC*, 126 AD3d 876, 877 [2015]; *Smith v Garo Enters., Inc.*, 60 AD3d 751, 752 [2009]; *Security*

*Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]).

It is undisputed that the named defendant, H.S. Brothers II Corp., and the intended defendant, H.S. Brothers Corporation, are two separate and distinct corporate entities. Furthermore, the plaintiff failed to offer any evidence or proof of service in this case or to establish that the Supreme Court obtained jurisdiction over H.S. Brothers Corporation (*see Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1042 [2009]; *Rinzler v Jafco Assoc.*, 21 AD3d 360, 362 [2005]; *Gennosa v Twinco Servs.*, 267 AD2d 200, 201 [1999]; *Pugliese v Paneorama Italian Bakery Corp.*, 243 AD2d 548, 549 [1997]). Accordingly, the plaintiff's renewed motion for leave to amend the caption was properly denied.

The plaintiff's contention that the Supreme Court erred in granting H.S. Brothers II Corp.'s motion for summary judgment dismissing the complaint is not properly before this Court, as the plaintiff failed to appeal from that portion of an order entered March 5, 2014, which granted the motion (*see Wahab v Agris & Brenner, LLC*, 102 AD3d 672, 675 [2013]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.