██ NEW FOUNDATION, LLC, Respondent, v VIKTOR ADEMI, Doing Business as YORK PLUMBING, et al., Defendants. AVDYL ADEMI, Doing Business as YORK PLUMBING, Nonparty Appellant. [35 NYS3d 362]—

In an action to recover damages for breach of contract, proposed additional defendant Avdyl Ademi appeals from an

order of the Supreme Court, Nassau County (Iannacci, J.), entered May 21, 2014, which granted the plaintiff's motion, in effect, pursuant to CPLR 305 (c) for leave to amend the caption to name Avdyl Ademi, doing business as York Plumbing, as a defendant instead of the named defendant David Ademi, doing business as York Plumbing.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion is denied.

The plaintiff commenced this action against, among others, David Ademi, doing business as York Plumbing, to recover damages for breach of contract. Contending that David Ademi was a nonexistent person and an alias for Avdyl Ademi, the plaintiff moved, in effect, pursuant to CPLR 305 (c) for leave to amend the caption to name Avdyl Ademi, doing business as York Plumbing, as a defendant instead of the named defendant, David Ademi, doing business as York Plumbing. The Supreme Court granted the motion. We reverse.

CPLR 305 (c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced" (CPLR 305 [c]). Where the motion is to cure "a misnomer in the description of a party," it should be granted even if the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 19-20 [1990]; *see Tokhmakhova v H.S. Bros. II Corp.*, 132 AD3d 662, 662 [2015]; *Honeyman v Curiosity Works, Inc.*, 120 AD3d 1302 [2014]).

Here, the Supreme Court erred in granting the plaintiff's motion, as the plaintiff failed to offer any evidence that the proposed defendant was properly served with process (*see Tokhmakhova v H.S. Bros. II Corp.*, 132 AD3d at 663; *Smith v Giuffre Hyundai, Ltd.*, 60 AD3d 1040, 1042 [2009]; *Rinzler v Jafco Assoc.*, 21 AD3d 360, 362 [2005]; *Gennosa v Twinco Servs.*, 267 AD2d 200, 201 [1999]). Having failed to establish that the proposed defendant was properly served, the plaintiff was not entitled to relief pursuant to CPLR 305 (c) (*see Fridman v New York City Tr. Auth.*, 131 AD3d 1202, 1204 [2015]; *Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC*, 111 AD3d 861, 862 [2013]). Rivera, J.P., Cohen, Maltese and LaSalle, JJ., concur.