Chambers v Prug (2018 NY Slip Op 04694)





Chambers v Prug


2018 NY Slip Op 04694


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-04441
 (Index No. 709108/16)

[*1]Andria Chambers, respondent, 
v
Patrick Prug, et al., appellants.


Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for appellants.
Matthew A. Sosnik (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered April 10, 2017. The order denied the defendants' motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction, and granted the plaintiff's cross motion for leave to amend the caption to name Patrick Prue and Weir Welding Company, Inc., as defendants instead of the named defendants, Patrick Prug and Weir Welding Co., Inc.
ORDERED that the order is affirmed, with costs.
CPLR 305(c) authorizes the court, in its discretion, to "allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced." Where the motion is to cure "a misnomer in the description of a party defendant," it should be granted even after the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (Ober v Rye Town Hilton, 159 AD2d 16, 19-20; see Sanders v 230FA, LLC, 126 AD3d 876; Honeyman v Curiosity Works, Inc., 120 AD3d 1302; Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC, 111 AD3d 861; Sally v Keyspan Energy Corp., 106 AD3d 894; Smith v Garo Enters., Inc., 60 AD3d 751, 751-752; Holster v Ross, 45 AD3d 640, 642; Gennosa v Twinco Servs., 267 AD2d 200, 201; Simpson v Kenston Warehousing Corp., 154 AD2d 526). "Such amendments are permitted where the correct party defendant has been served with process, but under a misnomer, and where the misnomer could not possibly have misled the defendant concerning who [*2]it was that the plaintiff was in fact seeking to sue" (Creative Cabinet Corp. of Am. v Future Visions Computer Store, 140 AD2d 483, 484-485; see Smith v Garo Enters., Inc., 60 AD3d at 752; Ober v Rye Town Hilton, 159 AD2d at 20).
Here, the evidence established that the correct defendants, Patrick Prue and Weir Welding Company, Inc., misnamed in the original process as Patrick Prug and Weir Welding Co., Inc., were properly served with process within 120 days after the action was timely commenced and, thus, the Supreme Court obtained jurisdiction over them (see CPLR 306-b; Holster v Ross, 45 AD3d at 642; Ober v Rye Town Hilton, 159 AD2d at 19-20; cf. New Found., LLC v Ademi, 140 AD3d 1038; Tokhmakhova v H.S. Bros. II Corp., 132 AD3d 662). Moreover, there was no proof that the defendants would be prejudiced by allowing the caption to be amended to correct the misnomers.
The defendants' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion to dismiss the complaint for lack of personal jurisdiction, and granting the plaintiff's cross motion for leave to amend the caption to name Patrick Prue and Weir Welding Company, Inc., as defendants instead of the named defendants, Patrick Prug and Weir Welding Co., Inc.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court