Schindler Elevator Corporation, Plaintiff-Appellant,
against
475 Park Avenue South, LLC, 475 Park Avenue So. Co., and 475 Building Company, LLC, Defendants-Respondents.




Plaintiff appeals from a "decision and order" of the Civil Court of the City of New York, New York County (Jose A. Padilla, Jr., J.), dated November 22, 2017 and two judgments (same court and Judge), entered August 2, 2018 and August 6, 2018, after a nonjury trial, dismissing the main action and awarding defendant 475 Building Company, LLC damages on its counterclaims in the principal sums of $120,000 and $185,000.




Per Curiam. 
Judgments (Jose A. Padilla, Jr., J.), entered August 2, 2018 and August 6, 2018, affirmed, with one bill of $25 costs. Appeal from "decision and order" (Jose A. Padilla, Jr., J.), dated November 22, 2017, dismissed, without costs, as subsumed in the appeal from the judgments. 
In reviewing a judgment from a bench trial, the decision of the fact-finding court should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Applying that standard here, the court's dismissal after trial of plaintiff's breach of contract action against 475 Park Avenue South, LLC and the awards issued in favor of defendant 475 Building Company, LLC on its counterclaims should not be disturbed.
A fair interpretation of the evidence supports the court's determination that plaintiff failed to establish that defendant 475 Park Avenue South, LLC, the only party that plaintiff seeks relief against, was liable for the monthly payments due pursuant to the governing elevator maintenance agreement. The evidence showed, and the court expressly found, that this defendant "was not a signatory to the contract at issue, nor was it a predecessor in interest" and that the agreement was made with "475 Park Avenue So. Co.", a separate and distinct corporate entity (see Tokhmakhova [*2]v H.S. Bros. II Corp., 132 AD3d 662 [2015]) for which plaintiff failed to allege liability under the contract.
Turning to the counterclaims, we find no basis to disturb the court's finding that plaintiff was not properly maintaining the elevator equipment pursuant to the terms of the contract and that its failure to perform was not excused by the brief "lock out" of union employees between March and June 2005. This finding was supported by the testimony of defendant 475 Building Co.'s expert, which the court found "credibl[e] and convincing[]"; the numerous Department of Buildings violations with respect to the elevators that were issued during the term of the contract, including the period before the lock out; and the report of 475 Building Co.'s outside consultant [BOCA], which indicated, inter alia, that the level of maintenance and overall elevator operation was "unacceptable as compared to industry standards."
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 25, 2019