Nossov v Hunter Mtn. (2020 NY Slip Op 04175)





Nossov v Hunter Mtn.


2020 NY Slip Op 04175


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-14886
 (Index No. 504324/16)

[*1]Boris Nossov, respondent, 
v
Hunter Mountain, et al., defendants; Hunter Mountain Ski Bowl, Inc., nonparty-appellant.


Roemer Wallens Gold & Mineaux LLP, Albany, NY (Matthew J. Kelly of counsel),
for nonparty-appellant. 
Sean H. Rooney, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, proposed additional defendant Hunter Mountain Ski Bowl, Inc., appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 6, 2018. The order granted that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 305(c) and 3025(b) for leave to amend the summons, complaint, and caption to name Hunter Mountain Ski Bowl, Inc., doing business as Hunter Mountain, as a defendant instead of the named defendant Hunter Mountain.
ORDERED that the order is reversed, on the law, with costs, and that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 305(c) and 3025(b) for leave to amend the summons, complaint, and caption to name Hunter Mountain Ski Bowl, Inc., doing business as Hunter Mountain, as a defendant instead of the named defendant Hunter Mountain is denied.
On March 27, 2014, the plaintiff allegedly was injured while boarding a ski lift at Hunter Mountain in Hunter. On March 23, 2016, the plaintiff commenced this action against the defendants, Hunter Mountain and Hunter Mountain Resort, LLC, to recover damages for personal injuries. After the defendants failed to appear or answer the complaint, a default judgment dated April 18, 2018, was entered against the defendants. By notice of motion dated September 15, 2018, the plaintiff moved, inter alia, in effect, pursuant to CPLR 305(c) and 3025(b) for leave to amend the summons, complaint, and caption to name Hunter Mountain Ski Bowl, Inc., doing business as Hunter Mountain (hereinafter HMSB), as a defendant instead of the named defendant Hunter Mountain. The Supreme Court granted that branch of the motion. HMSB appeals.
The plaintiff was not entitled to relief pursuant to CPLR 305(c) for leave to amend the summons, complaint, and caption to name HMSB as a defendant instead of Hunter Mountain. Relief pursuant to CPLR 305(c) may be granted only where there is evidence that the correct defendant was served, albeit misnamed in the original process, and the correct defendant would not be prejudiced by the granting of the amendment (see Fridman v New York City Tr. Auth., 131 AD3d 1202, 1204; Associated Geriatric Info. Network, Inc. v Split Rock Multi-Care Ctr., LLC, 111 AD3d 861, 861-862; Smith v Garo Enters., Inc., 60 AD3d 751, 752). While CPLR 305(c) may be used to cure a misnomer in the description of a party defendant, it cannot be used after the expiration of the statute of limitations as a device to add or substitute an entirely new defendant who was not properly [*2]served (see Tokhmakhova v H.S. Bros. II Corp., 132 AD3d 662; Sanders v 230FA, LLC, 126 AD3d 876, 877; Smith v Garo Enters., Inc., 60 AD3d at 752).
Here, it is undisputed that the motion was made after the expiration of the three-year statute of limitations (see CPLR 214[5]). There is no evidence that HMSB and Hunter Mountain are one and the same entity (see Rinzler v Jafco Assoc., 21 AD3d 360, 362; Pugliese v Paneorama Italian Bakery Corp., 243 AD2d 548, 549). Furthermore, the plaintiff failed to establish that he properly served HMSB or that the Supreme Court obtained jurisdiction over it (see New Found. LLC v Ademi, 140 AD3d 1038, 1039; Tokhmakhova v H.S. Bros. II Corp., 132 AD3d at 663; Smith v Giuffre Hyundai, Ltd., 60 AD3d 1040, 1042).
Moreover, the plaintiff was not entitled to relief pursuant to CPLR 3025(b) for leave to amend the summons, complaint, and caption to add HMSB as a defendant, since he did not provide a copy of his proposed amended summons and complaint, and the proposed amendments were palpably insufficient or patently devoid of merit (see Drice v Queens County Dist. Attorney, 136 AD3d 665, 666; Codrington v Wendell Terrace Owners Corp., 118 AD3d 844, 845-846; Kilkenny v Law Off. of Cushner & Garvey, LLP, 76 AD3d 512, 513). The proposed amendments are patently devoid of merit because the statute of limitations bars any claim against HMSB, a new party to this action (see Garcia v New York-Presbyt. Hosp., 114 AD3d 615; Reuter v Haag, 224 AD2d 603, 604), and the plaintiff failed to establish that the relation-back doctrine pursuant to CPLR 203(f) applied (see Buran v Coupal, 87 NY2d 173, 178).
Accordingly, we disagree with the Supreme Court's determination granting that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 305(c) and 3025(b) for leave to amend the summons, complaint, and caption to name HMSB as a defendant instead of Hunter Mountain.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court