## Matter of Dzaferovic v New York City Dept. of Fin.

2024 NY Slip Op 32163(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 158352/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. JOHN J. KELLEY**　　　　　　PART　　　　　56M

*Justice*

-----------------------------------------------------------------------------X

In the Matter of

CAZIM DZAFEROVIC, DZAFEROVIC, LLC, 1, and 24-24
42ND ST, LLC,

　　　　　　　　　Petitioners,

　　　　　　　　- v -

NEW YORK CITY DEPARTMENT OF FINANCE and THE
NEW YORK CITY DEPARTMENT OF BUILDINGS,

　　　　　　　　　Respondents.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158352/2023 |
| MOTION DATE | 07/12/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 23, 27, 28, 29, 30

were read on this motion to/for 　　　　DISMISS/ARTICLE 78 (BODY OR OFFICER)　　.

　　　In this proceeding pursuant to CPLR article 78, the respondents move, in papers

incorrectly denominated as a cross motion, pursuant to CPLR 7804(f) and 3211(a)(8) to dismiss

the petition on the ground that the court lacks personal jurisdiction over them.  The petitioners

oppose the motion.  The motion is denied, and, on or before July 26, 2024, the respondents are

directed to serve and file an answer to the petition and the administrative record, or "return."

The return date of the underlying petition is adjourned until August 30, 2024, at which time it

shall be considered on papers only, without oral argument or personal appearance.

　　　Although the respondents move pursuant to CPLR 3211(a)(8) to dismiss the petition on

the ground that "the court has not jurisdiction of the person" (*id.*), they essentially argue that

they are not the proper parties to be named and joined in this CPLR article 78 proceeding, since

they are agencies of the City of New York, and only the City of New York may be named and

joined as a respondent in a proceeding such as this.  Since the respondents, in effect, argue

that the petition fails to state a cause of action against them (*see Matter of Board of Mgrs. of*

*Oyster Point Condominium v Nyce,* 79 AD3d 1034, 1035-1036 [2d Dept 2010]; *Matter of Brown*

**158352/2023  DZAFEROVIC, CAZIM ET AL vs. NEW YORK CITY DEPARTMENT OF FINANCE ET
AL
Motion No.  001**　　　　　　　　　　　　　　　　　　　Page 1 of 4

1 of 4

[* 1]

*v Foster,* 73 AD3d 917, 918 [2d Dept 2010]), they should have moved pursuant to CPLR 3211(a)(7). Nonetheless, their contention reflects a fundamental misunderstanding of New York City Charter § 396.

New York City Charter, Chapter 17, § 396, provides that "[a]ll actions and proceedings *for the recovery of penalties* for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law" (emphasis added). This provision repeatedly has been construed also to prohibit a plaintiff from commencing an action to recover damages or penalties from a New York City agency or officer, as distinct from the City of New York itself, "as agencies of the City are not amenable to being sued" for money damages (*Matter of Carpenter v New York City Housing Auth*., 146 AD3d 674, 674 [1st Dept 2017] [cause of action to recover money damages does not lie against NYPD or NYC Human Resources Administration]; *see Brown v City of New York,* 192 AD3d 963, 965 [2d Dept 2021] [NYPD not amenable to suit for money damages]; *Troy v City of New York*, 160 AD3d 410, 411 [1st Dept 2018] [same]; *Alvarez v City of New York*, 134 AD3d 599 [1st Dept 2015] [same]; *Siino v Department of Educ. of City of N.Y*., 44 AD3d 568, 568 [1st Dept 2007] [New York City Department of Investigation]; *Elisa W. v City of New York*, 2016 US Dist LEXIS 123332, 2016 WL 4750178 [SD NY 2016] [New York City Administration for Children's Services]; *Greene v Pryce*, 2015 US Dist LEXIS, 2015 WL 4069176 [ED NY 2015] [New York City Human Resources Administration]).

The petitioners here, however, do not seek to recover damages or penalties from the New York City Department of Finance (DOF) or the New York City Department of Buildings (DOB). Instead, they seek relief in the nature of mandamus to review (*see* CPLR 7803[3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs*., 77 NY2d 753, 757-758 [1991]; *Matter of Anonymous v Commissioner of Health*, 21 AD3d 841, 843 [1st Dept 2005]) the DOF's determination to impose certain administrative penalties upon them on the ground the amount of the penalties was so disproportionate to the offenses they committed as to be

158352/2023   DZAFEROVIC, CAZIM ET AL vs. NEW YORK CITY DEPARTMENT OF FINANCE ET AL
Motion No.  001

Page 2 of 4

2 of 4

[* 2]

shocking to the court's sense of fairness (*see Matter of Lackow v Department of Educ. of City of N.Y.*, 51 AD3d 563, 569 [1st Dept 2008]; *see also Matter of Mapp v Burnham*, 8 NY3d 999, 1000 [2007]; *Matter of Featherstone v Franco*, 95 NY2d 550, 554 [2000]; *Matter of Harris v Mechanicville Cent. School Dist.*, 45 NY2d 279, 285 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]), thus "constituting an abuse of discretion as a matter of law" (*Matter of Perez v Rhea*, 20 NY3d 399, 402 [2013]; *Matter of Kreisler v New York City Tr. Auth.*, 2 NY3d 775, 776 [2004]; *Matter of Featherstone v Franco*, 95 NY2d at 554; CPLR 7803[3]).

CPLR 7801, 7802(a), and 7803(3) authorize an aggrieved person to seek relief, in the nature of mandamus to review, against a "body or officer." It is beyond peradventure that the DOF and DOB are "bodies" within the meaning of CPLR 7802(a) that are amenable to suit pursuant to CPLR article 78 (*see Matter of Brookdale Physicians' Dialysis Assoc., Inc. v Department of Finance of City of N.Y.,* _____NY3d_____, 2024 NY Slip Op 01583 [Mar. 21, 2024] [CPLR article 78 proceeding against DOF to challenge denial of tax abatement]; *Matter of Barklee 94, LLC v New York City Dept. of Fin.*, 184 AD3d 412, 412 [1st Dept 2020] [CPLR article 78 proceeding against DOF to challenge imposition of tax penalties, among other things]; *Matter of Solid State El. Corp. v. New York City Dept. of Bldgs.,* 222 AD3d 604, 604 [1st Dept 2023] [CPLR article 78 proceeding against DOB to challenge imposition of penalties]; *see also Matter of Castro v Schriro*, 29 NY3d 1005 [2017] [CPLR article 78 proceeding properly lies against DOC Commissioner]; *Matter of Brown v Foster,* 73 AD3d at 918 [CPLR article 78 proceeding improperly asserted against a city where the relief sought was solely against the mayor, acting in his administrative capacity, since the city was not a "body or officer"]; *cf. Matter of Kirk v Department of Motor Vehicles*, 22 AD3d 240, 241 [1st Dept 2005] [although DMV is a "body" within the meaning of CPLR 7802[a], the State of New York itself is not a "body or officer"]; *Matter of Capruso v New York State Police*, 300 AD2d 27, 28 [1st Dept 2002] [although the New York State Police is a "body" within the meaning of CPLR 7802[a], the State is not a

158352/2023   DZAFEROVIC, CAZIM ET AL vs. NEW YORK CITY DEPARTMENT OF FINANCE ET AL
Page 3 of 4
Motion No.  001

3 of 4

[* 3]

"body or officer"]). In fact, where a petitioner seeks judicial review of a New York City agency's determination, that agency must be named and joined as a party in a CPLR article 78 proceeding, and served with the notice of petition or initiatory order to show cause and petition (*see Matter of Centeno v City of New York*, 115 AD3d 537, 537 [1st Dept 2014], *affg* Index No. 102145/2012, Sup Ct, N.Y. County, Oct 3, 2012] [Moulton, J.] [NYC Civil Service Commission]).

The motion thus must be denied. Where a motion to dismiss the petition in a CPLR article 78 proceeding is denied, the appropriate procedure in most instances is to direct the respondents to serve and file an answer and the entire administrative record, or "return" (*see Matter of Kickertz v New York Univ.*, 25 NY3d 942, 944 [2015]), particularly where, as here, the respondents' motion papers clearly did not establish that there were no issues in dispute.

Accordingly, it is,

ORDERED that the respondents' motion, incorrectly denominated as a cross motion, is denied; and it is further,

ORDERED that, on or before July 26, 2024, the respondents shall serve and file an answer and the complete administrative record; and it is further,

ORDERED that the return date of Motion Sequence 002 in this proceeding is adjourned until August 30, 2024, at which time it shall be considered on papers only, without oral argument or personal appearance.

This constitutes the Decision and Order of the court.

| 6/26/2024 | |
|-----------|---|
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158352/2023  DZAFEROVIC, CAZIM ET AL vs. NEW YORK CITY DEPARTMENT OF FINANCE ET AL**          **Page 4 of 4**
**Motion No.  001**

[* 4]