Fields v General Conference of the United Methodist Church (2025 NY Slip Op 01043)

Fields v General Conference of the United Methodist Church

2025 NY Slip Op 01043

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 950932/21|Appeal No. 3169|Case No. 2024-00292|

[*1]David Fields, Plaintiff-Respondent,
v
General Conference of The United Methodist Church, et al., Defendants-Appellants, The Northeastern Jurisdiction of the United Methodist Church, et al., Defendants.

Scahill Law Group P.C., Bethpage (Keri A. Wehrheim of counsel), for appellants.
Slater Slater Schulman LLP, Melville (Jay L.T. Breakstone of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about October 4, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants General Conference of The United Methodist Church, The Judicial Council of The United Methodist Church, and the Council of Bishops of The United Methodist Church (collectively, appellants) to dismiss the complaint as against them, unanimously modified, on the law, to dismiss plaintiff's negligence and premises liability claims as against appellants, and otherwise affirmed, without costs.
Plaintiff alleges that he was sexually abused by a boxing instructor while taking classes at a youth center run by defendants from around 1969 to 1970, when he was about nine years old and attending a United Methodist Church. Appellants moved to dismiss the complaint as against them under CPLR 3211(a)(8), on the ground that they are non jural entities that are not amenable to suit (see e.g. Honeyman v Curiosity Works, Inc., 120 AD3d 1302, 1303 [2d Dept 2014]). They also moved to dismiss the complaint under CPLR 3211(a)(7) for failure to state a cause of action as against them. Supreme Court denied, as premature, so much of the motion as was based on CPLR 3211(a)(8), and denied so much of the motion as was based on CPLR 3211(a)(7) on the basis, among others, that the complaint stated a cause of action for negligence; negligent hiring, retention, supervision, or direction; and premises liability.
As an initial matter, Supreme Court properly determined that it could evaluate whether appellants were non jural entities without violating the Establishment Clause of the First Amendment. Under the facts presented here, the determination of whether appellants are jural entities rests on neutral principles of New York law, not "the interpretation or application of ecclesiastical doctrine" (Chestnut v United Methodist Church, 230 AD3d 182, 197 [2d Dept 2024]; see Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]; Matter of New York Annual Conference of United Methodist Church v Bethel Bible Ministries, 226 AD3d 1127, 1129 [3d Dept 2024]).
Supreme Court properly denied appellants' motion as premature pending further jurisdictional discovery (see Matter of James v iFinex Inc., 185 AD3d 22, 30 [1st Dept 2020]). Accepting as true the allegations as set forth in the complaint and in plaintiff's opposition papers, and affording plaintiff the benefit of every favorable inference (see Bangladesh Bank v Rizal Commercial Banking Corp., 226 AD3d 60, 74 [1st Dept 2024]), plaintiff sufficiently alleged at this stage of the litigation that appellants are jural organizations so as to warrant denial of appellants' motion. Plaintiff proffered a letter from the Internal Revenue Service regarding appellants' tax-exempt status, as well as a State filing in which one of the appellants appeared on its own behalf and admitted that it was "a non-profit religious organization or [*2]entity authorized to conduct business in the State of New York" (see Robins v Procure Treatment Ctrs., Inc., 157 AD3d 606, 607 [1st Dept 2018]).
As to the merits, plaintiff stated a cause of action for negligent hiring, retention, supervision, or direction, as the allegations that appellants "knew or should have known" of the boxing instructor's criminal proclivities sufficiently placed appellants on notice of the claim. At the pre-answer stage of the litigation, plaintiff's allegations are sufficient to put appellants on notice of this claim, and plaintiff was not required to allege additional specific facts regarding notice (see e.g. SHC-MG-25 Doe v Archdiocese of N.Y., 223 AD3d 579, 580 [1st Dept 2024]; Ark 55 v Archdiocese of N.Y., 222 AD3d 572, 572 [1st Dept 2023]).
However, plaintiff's negligence cause of action falls "within the ambit" of his cause of action for negligent hiring, retention, supervision, or direction, and the negligence claim therefore should have been dismissed as duplicative (see Davis v YMCA, Appeal No. 2938, _AD3d_[1st Dept 2024] decided simultaneously herewith]). Both causes of action are based on the same factual allegations that appellants employed his boxing instructor, knew or should have known that the boxing instructor had a propensity to commit sexual abuse, and failed to protect plaintiff from foreseeable harms by properly supervising the boxing instructor led to plaintiff's injuries (see Bacon v Nygard, 140 AD3d 577, 578 [1st Dept 2016]). Similarly, plaintiff's cause of action for premises liability is duplicative of his cause of action for negligent hiring, retention,
supervision, or direction, and should have been dismissed for that reason (see Nouel v 325 Wadsworth Realty LLC, 112 AD3d 493, 494 [1st Dept 2013], lv denied 23 NY3d 904 [2014]).
We have considered appellant's other arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025