Pertardi v General Conference of the United Methodist Church (2025 NY Slip Op 01053)

Pertardi v General Conference of the United Methodist Church

2025 NY Slip Op 01053

Decided on February 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2025

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 950931/21|Appeal No. 3170|Case No. 2023-06808|

[*1]Jerry Pertardi, Plaintiff-Respondent,
v
General Conference of The United Methodist Church et al., Defendants-Appellants, The Northeastern Jurisdiction of the United Methodist Church, et al., Defendants.

Scahill Law Group P.C., Bethpage (Keri A. Wehrheim of counsel), for appellants.
Slater Slater Schulman LLP, Melville (Jay L.T. Breakstone of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered on or about October 5, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants General Conference of The United Methodist Church, The Judicial Council of The United Methodist Church, and the Council of Bishops of The United Methodist Church (collectively, appellants) to dismiss the complaint as against them, unanimously modified, on the law, to dismiss plaintiff's negligence and premises liability claims as against appellants, and otherwise affirmed, without costs.
Plaintiff alleges that he was sexually abused by a pastor while attending church activities at a United Methodist Church from around 1964 to 1965. Appellants moved to dismiss the complaint as against them under CPLR 3211(a)(8) on the ground that they are non jural entities that are not amenable to suit (see e.g. Honeyman v Curiosity Works, Inc., 120 AD3d 1302, 1303 [2d Dept 2014]), and under CPLR 3211(a)(7) for failure to state a cause of action as against them. Supreme Court denied, as premature, so much of the motion as was based on CPLR 3211(a)(8), and denied so much of the motion as was based on CPLR 3211(a)(7) on the basis, among others, that the complaint stated a cause of action for negligence; negligent hiring, supervision, retention, and direction; and premises liability.
For the reasons stated in Fields v General Conference of The United Methodist Church (Appeal No. 3169, _AD3d _[1st Dept 2024]), decided simultaneously with this decision, we find that Supreme Court properly denied, as premature, appellants' motion under CPLR 3211(a)(8) to dismiss the complaint as against them. Similarly, by alleging that appellants "knew or should have known" of the pastor's criminal proclivities, plaintiff sufficiently alleged notice so as to state a cause of action for negligent hiring, supervision, retention, and direction (see e.g. SHC-MG-25 Doe v Archdiocese of N.Y., 223 AD3d 579, 580 [1st Dept 2024]; Ark 55 v Archdiocese of N.Y, 222 AD3d 572, 572 [1st Dept 2023]).
However, for the reasons stated in Fields, plaintiff's negligence and premises liability causes of action "fall within the ambit" of his claim for negligent hiring, supervision, retention, and direction, and should have been dismissed as duplicative. (see Davis v YMCA, Appeal No.2938 _AD3d_ [1st Dept 2024][decided simultaneously herewith]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2025