FRED BRUNS, Appellant, v VILLAGE OF CATSKILL, Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered March 31, 1990 in Greene County, which denied plaintiff's motion for leave to serve an amended summons and complaint.

In 1986 plaintiff instituted suit against defendant, charging violation of his civil rights as a result of various events, including an alleged 1985 conversion of plaintiff's personal property. In 1990 plaintiff sought leave to amend the summons and complaint pursuant to CPLR 3025 (b) and 203 (b) to add defendant's Police Chief as a party defendant. Supreme Court denied the motion, finding that the parties were not united in interest because punitive damages would not be recoverable against defendant. Plaintiff appeals.

Generally, a claim asserted against a new party will relate back to the date a plaintiff's claim was interposed if (1) the new claim arose from the same transaction, (2) the unity of interest between the original defendant and the party to be added permits an inference that the latter had notice of the commencement of the action, and (3) actual notice was achieved within the limitations period (*Town of Guilderland v Texaco Ref. & Mktg.,* 159 AD2d 829, 832; *Virelli v Goodson-Todman Enters.,* 142 AD2d 479, 483; *see also, Brock v Bua,* 83 AD2d 61, 69). Here, the parties dispute whether defendant and its Police Chief are united in interest. Unity is lacking when the two potential defendants could assert different defenses (*Connell v Hayden,* 83 AD2d 30, 42). Contrary to defendant's contention, an employer's defense that its employee exceeded the scope of his employment does not defeat a finding of unity of interest (*see, supra,* at 47-48). Accordingly, plaintiff should have been permitted to add the Police Chief as a party defendant, at least insofar as plaintiff seeks relief for actual damages.

There is merit, however, to defendant's argument that it, unlike its Police Chief, may not be held liable for punitive damages (*see, Sharapata v Town of Islip,* 56 NY2d 332, 334). Accordingly, because the village can advance a defense that is not available to the Police Chief, they are not united in interest for purposes of any demand for exemplary damages.

Order modified, on the law, without costs, by granting plaintiff leave to amend the summons and complaint to add Gerald E. Cosenza as party defendant only insofar as the

complaint seeks compensatory damages for the alleged wrongs, and, as so modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.