■ EDNER POULARD, Respondent, v ADAMANDIA PAPAMIHLOPOULOS et al., Appellants, et al., Defendants. [678 NYS2d 383] —In an action to recover damages for personal injuries and wrongful death, the defendants Adamandia Papamihlopoulos and Stylianos Papas a/k/a Steven Papas appeal from an order of the Supreme Court, Kings County (Rappaport, J.), dated June 24, 1997, which, *inter alia,* granted the plaintiff's motion to amend the complaint to add Stylianos Papas a/k/a Steven Papas as a party defendant.

Ordered that the appeal by the defendant Adamandia Papamihlopoulos from the order dated June 24, 1997, is dismissed, without costs or disbursements, as she is not aggrieved thereby; and it is further,

Ordered that the order is modified by adding thereto a provision that Stylianos Papas a/k/a Steven Papas, is added as a defendant only to the extent that the complaint seeks compensatory damages; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

While walking across Sunrise Highway, the plaintiff's decedent was allegedly struck by a vehicle owned by Adamandia Papamihlopoulos and operated by Stylianos Papas, who then left the scene of the accident. The plaintiff commenced the instant action against Papamihlopoulos, alleging that she was the owner and operator of the vehicle at the time of the accident. After the expiration of the Statute of Limitations, the

plaintiff moved to amend the summons and complaint to add Papas as a party defendant and the Supreme Court granted the motion.

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal,* 87 NY2d 173, 177). In order for claims against one defendant to relate back to claims asserted against another, the plaintiff must show that "(1) both claims arose out of the same conduct, transaction or occurrence * * * (2) the new party is 'united in interest' with the original defendant * * * and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well" (*Brock v Bua,* 83 AD2d 61, 69; *see, Mondello v New York Blood Ctr.—Greater N. Y. Blood Program,* 80 NY2d 219, 226; *Buran v Coupal, supra,* at 178).

At issue in the instant case is whether Papas is "united in interest" with Papamihlopoulos. "Parties are united in interest only where 'the interest of the parties in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other' " (*Desiderio v Rubin,* 234 AD2d 581, 583, quoting *Prudential Ins. Co. v Stone,* 270 NY 154, 159; *see also, Brock v Bua, supra,* at 68; *Connell v Hayden,* 83 AD2d 30, 41). The defendants' interests are united "only where one is vicariously liable for the acts of the other" (*Connell v Hayden, supra,* at 45).

As there is no claim that Papas was operating the Papamihlopoulos vehicle without permission, Papamihlopoulos is liable for any death or injuries resulting from Papas's negligence in the operation of her vehicle (*see,* Vehicle and Traffic Law § 388 [1]). The Court of Appeals has stated that such liability "is derivative and is akin to that imposed on a master for the negligent acts of his servant under the doctrine of *respondeat superior*" (*Good Health Dairy Corp. v Emery,* 275 NY 14, 17). Therefore, at least insofar as the plaintiff seeks compensatory damages, Papas and Papamihlopoulos are united in interest, and the Supreme Court properly granted the plaintiff's motion to amend the complaint to add Papas as a party defendant to this extent (*cf., Bruns v Village of Catskill,* 169 AD2d 963). However, because Papamihlopoulos cannot be held liable for punitive damages based upon Papas's operation of her vehicle (*see, Ingle v Mark,* 58 Misc 2d 895, 896), the plaintiff's motion should have been denied to the extent that the complaint seeks

punitive damages (see, Bruns v Village of Catskill, supra). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.