■ PETER SAHINIS, Respondent, v BRUNSWICK HOSPITAL CENTER et al., Defendants, and PATRICIA FORD, Appellant. [694 NYS2d 450] —In an action to recover damages for medical malpractice, the defendant Patricia Ford, M.D., appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated July 15, 1998, as denied her motion to dismiss the complaint insofar as asserted against her pursuant to CPLR 304, 306 (a) and (b).

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 24, 1996, the plaintiff filed a summons and complaint naming four defendants, including "Patrick Ford, M.D.", a misnomer for defendant-appellant Patricia Ford, M.D. The plaintiff later amended the summons and the complaint, without leave of the court, so as to name Patricia Ford, M.D. instead of Patrick Ford, M.D. The plaintiff then served papers which were clearly marked "amended summons" and "amended complaint" on Dr. Ford on January 10, 1997, and timely filed proof of service.

The Supreme Court denied Dr. Ford's subsequent motion to dismiss, because Dr. Ford had not asserted an appropriate affirmative defense in her answer, and had thus waived her objection to the plaintiff's having amended the summons and complaint without leave of the court (see, Tarallo v Gottesman, 204 AD2d 303). Dr. Ford appeals, and we affirm insofar as appealed from.

Whatever irregularity there might have been in connection with the technical variation between the original summons and complaint on file, and the amended summons and complaint later served, was waived by Dr. Ford when she failed to raise it as an affirmative defense, and proceeded to litigate the matter on the merits (see, Matter of Fry v Village of Tarrytown, 89 NY2d 714; Nardi v Hirsch, 250 AD2d 361).

In any case, from the content of the original complaint, it would have been clear that "Patrick" was simply a misnomer which would have been subject to correction (see, CPLR 305 [a]; Air Tite Mfg. v Acropolis Assocs., 202 AD2d 1067; Ober v Rye Town Hilton, 159 AD2d 16). It was not necessary for the summons and complaint on file to be the mirror image of the summons and complaint later served (see, e.g., Gamiel v Sullivan & Liapakis, 259 AD2d 385). It was sufficient for the complaint filed to conform in all important respects with the com-

plaint later served (*see, Nardi v Hirsch, supra*). Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.