■ Vincenzo Lopes et al., Respondents, v Interstate Concrete, Inc., Also Known as S.J.F. Contracting Corp., et

al., Appellants. [696 NYS2d 488] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated May 26, 1998, as granted the plaintiffs' motion for leave to serve and file a supplemental summons and amended complaint upon the defendants Interstate Industrial Corp. and Interstate Superstructures, Inc.

Ordered that the appeal by the defendant Interstate Concrete, Inc., a/k/a S.J.F. Contracting Corp. is dismissed, as it is not aggrieved by the part of the order appealed from; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Interstate Industrial Corp. and Interstate Superstructures, Inc.; and it is further,

Ordered that the respondents are awarded one bill of costs.

Contrary to the appellants' contention, the plaintiffs satisfied the three conditions required for application of the relation-back doctrine (*see, Buran v Coupal,* 87 NY2d 173, 178; *Brock v Bua,* 83 AD2d 61, 69). There is no dispute that the claims against Interstate Industrial Corp. (hereinafter Interstate Industrial) and Interstate Superstructures, Inc. (hereinafter Interstate Superstructures) arise out of the same accident as the claims against the original defendant, Interstate Concrete, Inc., a/k/a S.J.F. Contracting Corp. (hereinafter Interstate Concrete). Moreover, the documents submitted by the plaintiffs established that Interstate Industrial and Interstate Superstructures are united in interest with Interstate Concrete. The interrelationship among the defendants is such that the judgment against one will similarly affect the others (*see, Poulard v Papamihlopoulos,* 254 AD2d 266; *Brock v Bua, supra,* at 68). Moreover, the plaintiffs established that Interstate Industrial and Interstate Superstructures knew or should have known that but for a mistake by the plaintiffs, the action would have been brought against them also. Their contention regarding the plaintiffs' allegedly inexcusable mistake in failing to join them prior to the expiration of the Statute of Limitations is without merit because "excusability of the mistake is not an absolute requirement under New York law" (*Buran v Coupal, supra,* at 179; *see, State of New York v Gruzen Partnership,* 239 AD2d 735, 736). Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.