■ JAMES A. PAPPAS, Appellant, v 31-08 CAFÉ CONCERTO, INC., Defendant. EMANUEL M. DALLARIS, Nonparty Respondent. [773 NYS2d 108]—

In an action to recover damages for personal injuries, the

plaintiff appeals from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated August 1, 2002, as denied that branch of his motion which was for leave to serve an amended complaint pursuant to CPLR 3025 (b) adding Emanuel Michael Dallaris as a defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Buran v Coupal,* 87 NY2d 173, 177 [1995]; *see Poulard v Papamihlopoulos,* 254 AD2d 266, 267 [1998]). The doctrine requires the plaintiff to establish that "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.,* 264 AD2d 702, 703 [1999]; *see Buran v Coupal, supra* at 178; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program,* 80 NY2d 219, 226 [1992]). The first two conditions have been satisfied in this case.

New York law requires merely mistake—not excusable mistake—on the part of the plaintiff seeking the benefit of the relation-back doctrine (*see Buran v Coupal, supra* at 179; *Lopes v Interstate Concrete,* 265 AD2d 383, 384 [1999]; *State of New York v Gruzen Partnership,* 239 AD2d 735, 736 [1997]). However, where the party suing "intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the [party suing] should not be given a second opportunity to assert that claim after the limitations period has expired" (*Buran v Coupal, supra* at 181). The plaintiff's own evidence belied his assertion that the failure to name Emanuel Michael Dallaris as a defendant within the statute of limitations was the result of mistake or the inability of the plaintiff to properly identify him. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve an amended complaint pursuant to CPLR 3025 (b) adding Emanuel Michael Dallaris as a defendant. Ritter, J.P., Goldstein, Crane and Rivera, JJ., concur.