■ CHARLES E. HOLSTER III, Respondent, v BRUCE R. ROSS et al., Appellants. [846 NYS2d 261]——

In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated June 28, 2006, which granted that branch of the plaintiff's motion which was for leave to serve a supplemental summons and amended complaint

adding the defendants Hank Ross and Ross Orthopedic Group, P.C., as additional defendants.

Ordered that the order is reversed, on the law, without costs or disbursements, and that branch of the plaintiff's motion which was for leave to serve a supplemental summons and amended complaint adding the defendants Hank Ross and Ross Orthopedic Group, P.C., as additional defendants is granted only to the extent of substituting Hank Ross as a defendant in place of the defendant Bruce Ross, and otherwise denying that branch of the motion.

It is undisputed that on February 19, 2002 Hank Ross, an orthopedic surgeon and shareholder of the Ross Orthopedic Group, P.C. (hereinafter the Ross Group), performed surgery on the plaintiff's right shoulder. On August 6, 2004 the plaintiff commenced this action by filing a summons and a verified complaint which alleged that the surgery had been negligently performed by Bruce Ross. Bruce Ross is Hank Ross's brother, and is also an orthopedist and shareholder of the Ross Group. The summons and verified complaint were served pursuant to CPLR 308 (2) by leaving them with an employee at the offices of the Ross Group and mailing a copy to the same address.

By the time the plaintiff noticed the mistake in the summons and complaint, the statute of limitations had run. He moved pursuant to CPLR 305 (c), 2001, and 3025 for leave to amend the summons and complaint to substitute Hank Ross and the Ross Group in place of Bruce Ross, or, alternatively, pursuant to CPLR 305 (a) and 1003, for leave to serve a supplemental summons and amended complaint adding Hank Ross and the Ross Group as additional defendants.

The Supreme Court granted the branch of the motion which was for leave to serve a supplemental summons and amended complaint adding Hank Ross and the Ross Group as additional defendants. The defendants contend that this was error because the statute of limitations had run, and the plaintiff failed to establish the applicability of the relation-back doctrine as to either of the proposed additional defendants. The plaintiff contends that, even if the relation-back doctrine does not apply, the order should be affirmed on the alternate ground that he was entitled to correct a misnomer in the original summons and complaint.

Under the relation-back doctrine, a claim asserted against a new defendant may relate back to the date the claim was filed against a codefendant if the plaintiff establishes that (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new defendant is united in interest with the orig-

inal defendant, and (3) the new defendant knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or it as well (*see Buran v Coupal,* 87 NY2d 173, 178 [1995]; *Nani v Gould,* 39 AD3d 508, 509 [2007]; *Austin v Interfaith Med. Ctr.,* 264 AD2d 702, 703 [1999]). The plaintiff failed to satisfy the third prong of the test with respect to the Ross Group because "[w]hen a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired" (*Buran v Coupal,* 87 NY2d at 181; *see Nani v Gould,* 39 AD3d at 510). Here, the plaintiff does not contend or establish that the failure to sue the Ross Group was due "to a mistake arising out of [his] lack of knowledge that the corporation existed" (*Monir v Khandakar,* 30 AD3d 487, 489 [2006]).

On the other hand, the plaintiff's failure to name Hank Ross clearly was a mistake since the allegations in the complaint relate to medical treatment provided by him alone. In these circumstances, the issue is not whether the plaintiff should be permitted to add the intended defendant, Hank Ross, as an additional defendant while continuing to sue the mistakenly-named defendant, Bruce Ross, but whether he should be permitted to amend the summons and complaint to correct the misnomer. Under CPLR 305 (c), an amendment to correct a misnomer will be permitted "if the court has acquired jurisdiction over the intended but misnamed defendant provided that . . . the intended but misnamed defendant was fairly apprised that [he] was the party the action was intended to affect . . . [and] would not be prejudiced" by allowing the amendment (*Simpson v Kenston Warehousing Corp.,* 154 AD2d 526, 527 [1989]; *see Kingalarm Distribs. v Video Insights Corp.,* 274 AD2d 416, 417 [2000]; *Perrin v McKenzie,* 266 AD2d 269, 270 [1999]; *Sahinis v Brunswick Hosp. Ctr.,* 264 AD2d 474 [1999]; *see also Pugliese v Paneorama Italian Bakery Corp.,* 243 AD2d 548 [1997]; *Ober v Rye Town Hilton,* 159 AD2d 16 [1990]; *Creative Cabinet Corp. of Am. v Future Visions Computer Store,* 140 AD2d 483, 484-485 [1988]). Hank Ross does not dispute that service of the summons and complaint at his actual place of business was sufficient to obtain jurisdiction over him pursuant to CPLR 308 (2). Nor does he deny that he received actual notice of the institution of the lawsuit, or assert that he would be prejudiced if the misnomer were corrected. The pleadings allege the date and nature of the alleged malpractice with sufficient specificity that the misnomer "could not possibly have

misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (*Creative Cabinet Corp. of Am. v Future Visions Computer Store,* 140 AD2d at 484-485; *see Perrin v McKenzie,* 266 AD2d 269 [1999]; *Sahinis v Brunswick Hosp. Ctr.,* 264 AD2d 474 [1999]). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which sought leave to amend the summons and complaint to substitute Hank Ross in place of Bruce Ross. Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.