■ DANIEL SALLY, Appellant, v KEYSPAN ENERGY CORPORATION et al., Respondents. [966 NYS2d 133]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Bayne, J.), entered May 13, 2011, as denied his motion pursuant to CPLR 305 (c) for leave to amend the caption to name Keyspan-Ravenswood, LLC, as a defendant instead of Keyspan Corporation, or, alternatively, pursuant to CPLR 203 (c) for leave to amend the verified complaint to add Keyspan-Ravenswood, LLC, as a defendant.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

On January 5, 2005, the plaintiff allegedly was injured while working at a power plant in Long Island City. In 2005, the plaintiff commenced this action, asserting causes of action sounding in common-law negligence and violations of Labor Law §§ 200 and 241 (6) against Keyspan Energy Corporation and Keyspan Corporation (hereinafter together the Keyspan defendants), based upon their alleged status as owners or lessees of the subject property. It is undisputed that, in early October 2007, almost three months prior to the expiration of the statute of limitations, the plaintiff learned that the actual property owner was Keyspan-Ravenswood, LLC (hereinafter Keyspan-Ravenswood), and that neither defendant possessed any ownership or leasehold interest in the property. Acting upon that information, still within the period permitted by the statute of limitations, the plaintiff moved pursuant to CPLR 203 (c) for leave to amend the complaint to add Keyspan-Ravenswood as a defendant. Although the motion was granted by order dated March 3, 2008, the plaintiff never filed a supplemental summons (see CPLR 305 [a]) and amended complaint or served those papers on Keyspan-Ravenswood, allegedly due to counsel's ignorance of the rule that the statute of limitations is tolled pending determination of such a motion (see Perez v Paramount Communications, 92 NY2d 749 [1999]). More than two years after March 3, 2008, the plaintiff moved to correct his error in failing to name Keyspan-Ravenswood as a defendant, relying upon CPLR 305 (c) or, alternatively, CPLR 203 (c), to avoid the effect of the statute of limitations having long since expired. Under either statute, the Supreme Court properly denied the plaintiff's motion.

CPLR 305 (c) authorizes the court, in its discretion, to "allow

any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced." Where the motion is to cure "a misnomer in the description of a party defendant," it should be granted even after the statute of limitations has run where "(1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought" (*Ober v Rye Town Hilton*, 159 AD2d 16, 19-20 [1990]; *see Smith v Garo Enters., Inc.*, 60 AD3d 751, 751-752 [2009]; *Holster v Ross*, 45 AD3d 640, 642 [2007]; *Gennosa v Twinco Servs.*, 267 AD2d 200, 201 [1999]; *Simpson v Kenston Warehousing Corp.*, 154 AD2d 526, 527 [1989]). CPLR 305 (c) does not apply in this case, where the plaintiff's mistake in failing to commence the action against Keyspan-Ravenswood within the statute of limitations period had nothing to do with the misnomer, about which the plaintiff was fully informed before the statute of limitations expired (*cf. Holster v Ross*, 45 AD3d at 641). Moreover, since, under these circumstances, Keyspan-Ravenswood could not have been apprised that the plaintiff still intended to bring an action against it (*cf. Holster v Ross*, 45 AD3d 640 [2007]; *Lewis v R.H. Macy & Co.*, 213 AD2d 605 [1995]; *Simpson v Kenston Warehousing Corp.*, 154 AD2d 526 [1989]), the plaintiff has failed to demonstrate that Keyspan-Ravenswood would not be prejudiced by allowing such amendment.

Contrary to the defendants' contention, this Court may consider whether relief was warranted under CPLR 203 (c), as the defendants were afforded the opportunity to respond, in their reply and surreply, to the arguments the plaintiff raised on this issue for the first time in his reply and opposition papers to a cross motion by the defendants (*see Matter of Kennelly v Mobius Realty Holdings LLC*, 33 AD3d 380, 381-382 [2006]; *cf. Matter of Allstate Ins. Co. v Dawkins*, 52 AD3d 826, 827 [2008]; *Matter of Harleysville Ins. Co. v Rosario*, 17 AD3d 677, 678 [2005]). Nevertheless, under the circumstances discussed above, relief under CPLR 203 (c) is not warranted.

As codified in CPLR 203 (c), "what is commonly referred to as the relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' (CPLR 203 [b])" (*Buran v Coupal*, 87 NY2d 173, 177 [1995]). For the rule allowing relation back to the original date of filing under CPLR 203 (c) to apply, a plaintiff is required to prove

that: "(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well" (*Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]; *see Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc.*, 46 AD3d 784, 786 [2007]; *Porter v Annabi*, 38 AD3d 869, 870 [2007]; *Pappas v 31-08 Café Concerto*, 5 AD3d 452, 453 [2004]).

Here, the plaintiff failed to satisfy the third prong of the above test, because the proposed new defendant, Keyspan-Ravenswood, knew that the plaintiff's failure to proceed against it within the statute of limitations period was not the result of "a mistake by the plaintiff as to the identity of the proper parties" (*Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]; *see Arsell v Mass One LLC*, 73 AD3d 668, 669 [2010]; *Shapiro v Good Samaritan Regional Hosp. Med. Ctr.*, 42 AD3d 443, 444 [2007]; *Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc.*, 46 AD3d at 786). Likewise, the plaintiff has failed to satisfy the second prong as well, since "[a]pplication of the doctrine in such circumstances would likely result in prejudice to the adversary" (*Buran v Coupal*, 87 NY2d at 181; *see Matter of Murphy v Kirkland*, 88 AD3d 267, 276 [2011]), regardless of whether the proposed new defendant and the current defendants are united in interest. Finally, under circumstances such as these, "a court would be justified in denying [the] plaintiff the benefit of the doctrine in order to prevent delay or disruption in the normal course of the lawsuit" (*Buran v Coupal*, 87 NY2d at 181; *see Matter of Murphy v Kirkland*, 88 AD3d at 276).

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.