Rivera v Bryan C. LP (2024 NY Slip Op 50209(U))

[*1]

Rivera v Bryan C. LP

2024 NY Slip Op 50209(U)

Decided on February 26, 2024

Supreme Court, Westchester County

Torrent, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 26, 2024
Supreme Court, Westchester County

Jimmy Rivera and Eileen Velez, Plaintiffs,

against
Bryan C. Limited Partnership d/b/a MCDONALD'S, BRIXMOR SPE 2 LLC, and DALEWOOD 1 SHOPPING CENTER, Defendants.

Index No. 56770/2020

FOR PLAINTIFF 
JASON A. RICHMAN, ESQ.
BRANDON J. BRODERICK, ESQ., LLC
11 Broadway, Suite 615
New York, New York 10004
FOR DEFENDANTS
CATHERINE J. POISSANT, ESQ.
HOWARD K. FISHMAN, ESQ., of Counsel
SMITH MAZURE, P.C.
39 Broadway, 29th Floor
New York, New York 10006 

Damaris E. Torrent, J.

The following papers numbered 1 to 38[FN1]
 were read on (Seq. No. 1) the motion by defendant Brixmor SPE 2 LLC (Brixmor 2) for an order granting summary judgment dismissing [*2]the complaint against it; (Seq. No. 3) the cross-motion by plaintiff Jimmy Rivera (plaintiff)[FN2]
 for an order amending the caption to reflect the correct identity of the defendant property owner; and (Seq. No. 2) the separate motion by plaintiff for an order granting him partial summary judgment on the issue of liability and striking any affirmative defenses asserting his comparative negligence:
PAPERSNUMBERED
(Seq. No. 1) Notice of Motion / Affirmation (Poissant) / Statement of Material
Facts / Exhibits A — L1 — 15
(Seq. No. 3) Notice of Cross-Motion / Affirmation (Richman) / Exhibit A /
Response to Statement of Material Facts / Exhibit A16 — 20
Affirmation in Opposition and Reply (Fishman)21
(Seq. No. 2) Notice of Motion / Statement of Material Facts / Exhibits
A — H, J - K[FN3]
 / Affirmation (Richman) / Affidavit (Gray)[FN4]
22 — 35
Affirmation in Opposition (Fishman) / Statement of Material Facts36 — 37
Reply Affirmation (Richman)38
Upon the foregoing papers, plaintiff's cross-motion to amend the caption is granted, Brixmor 2's motion for summary judgment is granted, and plaintiff's motion for summary judgment on the issue of liability is granted in part.
This action for personal injuries arises out of an accident that occurred on November 19, 2019. On that date, plaintiff was a patron at a McDonald's restaurant when a chair which was affixed to the restaurant floor collapsed beneath him, causing plaintiff to fall. 
By Notice of Motion (Seq. No. 1) filed on September 21, 2023, Brixmor 2 seeks an order granting summary judgment dismissing the complaint against it on the ground that it has no relationship to the premises where the accident occurred, which are owned by Brixmor SPE 6 LLC (Brixmor 6). The moving papers further contend that Brixmor 6, the owner of the [*3]premises, was an out-of-possession landlord with no duty to maintain or repair the chair inside the restaurant, and thus conclude that the complaint against it should be dismissed. 
By Notice of Cross-Motion (Seq. No. 3) filed on October 16, 2023, plaintiff seeks an order amending the caption to correct a claimed misnomer by changing the numeral in the name of the defendant property owner from a 2 to a 6, to correctly name the defendant property owner as Brixmor SPE 6 LLC. Plaintiff contends that Brixmor 2 and Brixmor 6 are entities within the same corporate structure, and that Brixmor 6 was duly served with the summons and complaint and has participated at all stages of this litigation, including producing its senior property manager, the manager of the subject premises, for a deposition. Plaintiff thus concludes that no prejudice will result from the amendment of the caption to reflect the correct Brixmor entity.
In reply, Brixmor 2 contends that the cross-motion should be denied, as it denied ownership of the subject premises in its answer, and its property manager testified at his deposition, which was held prior to the expiration of the statute of limitations, that the owner of the subject premises is Brixmor 6. Brixmor 2 contends that plaintiff's knowledge of the correct name of the property owner prior to the expiration of the statute of limitations is fatal to the cross-motion and requires dismissal of the complaint against it.
By separate Notice of Motion (Seq. No. 2) filed on October 2, 2023, plaintiff seeks an order granting him partial summary judgment on the issue of liability and striking affirmative defenses asserting his comparative negligence or culpable conduct. Plaintiff asserts that the metal base of the chair upon which he was sitting was badly corroded, which caused the chair to collapse when he leaned against the chair back. Plaintiff further asserts that, despite having removed several such chairs due to instability prior to the subject accident, defendants undertook no inspection of the subject chair and had no process in place to examine the remaining chairs for similar stability issues, and that the visible deterioration of the subject chair would have been discovered by any such inspection. Plaintiff thus concludes that defendants had actual or constructive notice of a dangerous condition, the deteriorating chair supports, and that summary judgment should be granted. Plaintiff additionally concludes that the Court should apply the doctrine of res ipsa loquitur and grant summary judgment.
In opposition, defendants contend that plaintiff's motion should be denied as untimely, because although the Notice of Motion was timely filed on October 2, 2023, the supporting Affirmation was not filed until October 6 and the expert Affidavit was not filed until October 12, four and ten days after the deadline for summary judgment motions, respectively. As to the merits of the motion, Brixmor 2 reiterates the arguments submitted in support of its motion for summary judgment in contending that it cannot be held liable for the happening of the subject accident. Defendants further assert that plaintiff's moving papers failed to establish any entitlement to summary judgment against the owner of the subject premises, Brixmor 6.
Defendant Bryan C. Limited Partnership (Bryan), the lessee of the premises and operator of the McDonald's restaurant where the accident occurred, contends that plaintiff failed to establish prima facie that it had any notice of a dangerous or defective condition on the premises. Bryan contends that the prior removal of certain chairs which were found to be unstable does not meet plaintiff's burden on this motion, as it merely establishes that Bryan was generally aware that such a condition may be present and thus does not establish constructive notice of the claimed condition. Finally, defendants contend that the collapse of the subject chair does not require a conclusion that the accident was so clearly the result of negligence as to warrant summary judgment on the ground of res ipsa loquitur.
With the exception outlined in note 1, supra, the Court has fully considered the submissions of the parties.
Seq. No. 3: Cross-Motion to Amend
Plaintiff's cross-motion to amend the caption to reflect the proper name of the defendant property owner, Brixmor SPE 6 LLC, in the place of the named defendant Brixmor SPE 2 LLC is granted. Plaintiff's naming of Brixmor 2 in the summons and complaint is an obvious mistake, as the allegations in the complaint relating to this defendant are based upon ownership of the subject premises. Pursuant to CPLR 305(c), "an amendment to correct a misnomer will be permitted if the court has acquired jurisdiction over the intended but misnamed defendant provided that . . . the intended but misnamed defendant was fairly apprised that [he] was the party the action was intended to affect . . . and would not be prejudiced" by allowing the amendment (Holster v Ross, 45 AD3d 640, 642 [2d Dept 2007] [internal quotations and citations omitted]). Here, as in Ross, it is undisputed that the intended defendant, Brixmor 6, was duly served with the summons and complaint and has at all relevant times had actual notice of the lawsuit, and the allegations in the complaint are such that the misnomer "could not possibly have misled the defendant concerning who it was that the plaintiff was in fact seeking to sue" (id. at 642-643).
Defendants contend that Sally v Keyspan Energy Corp., 106 AD3d 894 (2d Dept 2013) requires denial of plaintiff's motion. Defendants' reliance on Sally is misplaced, as the Court in that matter noted that the plaintiff's mistake in failing to sue the owner of the subject premises was not due to a misnomer and that the intended defendant had not been served and "could not have been apprised that the plaintiff still intended to bring an action against it" (id. at 896).[FN5]
 Defendants contend that Brixmor 2's denial of ownership of the premises in its answer, together with the deposition testimony of defendants' property manager, John Saladino, placed plaintiff on notice of the correct owner of the premises prior to the expiration of the statute of limitations. 
However, defendants cite, and the Court's research revealed, no case holding that a denial of an allegation in the complaint is sufficient to place a plaintiff on notice that the incorrect party has been sued in this context. Futher, Mr. Saladino's deposition was held approximately two weeks prior to the expiration of the statute of limitations, and his testimony as to the name of the owner of the subject premises was equivocal, such that he submitted an errata sheet to correct it.[FN6]
 Under the circumstances, it cannot be said that plaintiff was on notice that the incorrect entity had been sued prior to the expiration of the statute of limitations, as was the case in Sally. Without such notice, and in the absence of any dispute as to whether Brixmor 6 was served with the summons and complaint and has at all times been aware of the action, the Second Department's analysis in Sally is inapplicable to this matter.
Brixmor 6 asserts that it would be prejudiced by the granting of this motion because it had no notice of the claimed dangerous condition and no duty to inspect or maintain the interior [*4]of the premises. Brixmor 6 thus asserts that, because the time for dispositive motions has expired, an order granting plaintiff's motion would put it in the position of having to litigate this matter through trial because it is precluded from moving for summary judgment at this stage. This argument is not persuasive. Brixmor 6 does not dispute that it was served and has at all times been aware that it was the party plaintiff intended to sue. It has participated in every stage of this litigation, including producing Mr. Saladino, its property manager and the manager of the subject premises, for a deposition. Moreover, the moving papers on Brixmor 2's motion for summary judgment (Seq. No. 1, discussed infra) specifically present arguments on behalf of Brixmor 6 contending that it was an out of possession landlord with no duty to repair the interior of the subject premises.
In short, it is undisputed that Brixmor 6 was served with the summons and complaint, which contains allegations of negligence against the owner of the subject premises. Brixmor 6 has participated at all stages of this litigation, produced its property manager for a deposition, and argued in a motion for summary judgment that it is not subject to liability because it was an out of possession landlord, which argument, together with defendants' arguments on the issue of notice, are considered below. Brixmor 6 thus is not prejudiced by the correction of the misnomer in plaintiff's initiating papers. Plaintiff's cross-motion thus is granted, and the caption shall be amended to reflect the correct name of the property owner, Brixmor SPE 6 LLC, in place of the misnamed defendant Brixmor SPE 2 LLC.
Seq. Nos. 1 and 2: Motions for Summary Judgment
The caption being amended above to reflect the correct name of the defendant property owner, the contention that the complaint as asserted against Brixmor SPE 2 LLC should be dismissed on the ground that it did not own the subject premises is moot. The Court thus considers the remaining arguments submitted on the motions for summary judgment as they apply to the owner of the premises, Brixmor SPE 6 LLC, and the lessee and operator of the restaurant, Bryan C. Limited Partnership.
The court's function on these motions for summary judgment is issue finding rather than issue determination (Sillman v Twentieth Century Fox Film Corp., 3 NY2d 395 [1957]). "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. . . . Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. . . . Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986] [citations omitted]).
Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978]). The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the non-moving party (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 [2014]). As stated in Scott v Long Island Power Auth. (294 AD2d 348, 348 [2d Dept. 2002]):
"It is well established that on a motion for summary judgment the court is not to engage in the weighing of evidence. Rather, the court's function is to determine whether 'by no rational process could the trier of facts find for the nonmoving party' (Jastrzebski v North [*5]Shore School Dist., 223 AD2d 677, 678 [internal quotation marks omitted]). It is equally well established that the motion should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility (see Dolitsky v Bay Isle Oil Co., 111 AD2d 366)."
Brixmor SPE 6 LLC
Brixmor 6 asserts that it was an out of possession landlord with no duty to maintain or repair the interior of the premises. Plaintiff counters that certain language in the lease agreement obligating the owner to make certain repairs and reserving a right of reentry is sufficient to support a finding of liability against the otherwise out of possession landlord, citing Guzman v Plaza Hous. Dev. Fund Co., 69 NY2d 559 [1987]). Plaintiff's reliance on Guzman is misplaced, as the outcome in that matter was dictated by a statutory duty imposed on the owner of the premises to maintain same in good repair. The Court in Guzman held, in accord with its prior jurisprudence, that an out of possession landlord which reserved a right of reentry in the applicable lease was subject to the statutory duty, and the right to reenter was sufficient to charge the owner subject to the statutory duty with constructive notice of a dangerous condition.
In the matter at bar, there is no contention that the owner of the subject premises had any statutory duty to maintain same, and nothing in the record can be said to establish that the owner retained control over the leased premises. The applicable lease provides clearly that the owner will maintain the foundation and exterior of the building only, and that all other repairs are the responsibility of the tenant (Lease at § 7.1, Exh. K to Seq. No. 2, NYSCEF Doc. No. 67 at 8-9)."An out-of-possession landlord is not liable for injuries that occur on the premises where the landlord neither retained control over the premises nor was contractually obligated to remedy unsafe conditions" (White v Jeffco Props., Inc., 304 AD2d 824, 825 [2d Dept 2003]). "In the absence of a statutory or contractual duty to maintain the premises in repair, a landlord's mere reservation of the right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently-arising dangerous condition" (Blackwell v Jamal Holding Corp., 240 AD2d 527, 527 [2d Dept 1997]). 
The language in the lease relied upon by plaintiff is insufficient to support a finding of liability against the owner of the subject premises. The motion for an order granting summary judgment dismissing the complaint against the now correctly named Brixmor 6 (Seq. No. 1) thus is granted, and the branch of plaintiff's motion (Seq. No. 2) seeking an order granting summary judgment on the issue of liability against Brixmor 6 is denied.
Bryan C. Limited Partnership
As noted above, Bryan contends that plaintiff failed to establish prima facie that it had any notice of a dangerous or defective condition on the premises, as Bryan's prior removal of certain chairs which were found to be unstable merely establishes that Bryan was generally aware that such a condition may be present and does not establish constructive notice of the claimed condition. Bryan further contends that the collapse of the chair does not require a conclusion that the accident was so clearly the result of negligence as to warrant summary judgment on the ground of res ipsa loquitur.
Plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of Bryan's liability by submission of, inter alia, the transcript of his deposition, which establishes that plaintiff was seated in the subject chair, which collapsed beneath him suddenly [*6]and without any act on the part of plaintiff which could be said to have contributed to the collapse. Plaintiff additionally submitted the transcripts of the depositions of Bryan's employees, Patricia Mulholland and Michael Higgins, which establish that Bryan had no process in place for regular inspections of the chairs in the restaurant despite the fact that several tables and/or chairs in the dining area had previously been removed when they were discovered to be unstable. Plaintiff further submitted photographs of the subject chair, taken immediately after the accident, which show the metal support of the chair badly corroded and in obvious disrepair.[FN7]

The photographs of the chair establish that the metal support, at its point of insertion into the restaurant floor, was so badly corroded that a reasonable inspection of same would have revealed it to be unsafe. The deposition testimony of Bryan's employees establishes that Bryan had no process in place to ensure regular inspections for such defects, despite the prior removal of several pieces of furniture which had become unstable from the dining area. Plaintiff thus made a prima facie showing that the defect was visible and apparent and that it existed "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]).
In opposition, Bryan failed to raise a triable issue of fact. Bryan contends that the prior removals of unstable furniture can create only a general awareness that a dangerous condition may be present, which is insufficient to satisfy the notice requirement. However, cases cited by Bryan are not analogous to the instant matter and thus are not persuasive (see Gordon, 67 NY2d at 836 [general awareness that litter may be present on stairs insufficient to establish constructive notice of particular paper which may have been present for only minutes or seconds before accident]; Reed v Nouveau El. Indus., Inc., 123 AD3d 1102 [2d Dept 2014] [evidence of prior unrelated repairs to elevator insufficient to establish constructive notice that elevator may stop abruptly between floors]). In the matter at bar, the condition claimed to have caused plaintiff's fall is not the presence of litter on stairs, which may be here one moment and gone the next, nor is it a defect unrelated to prior issues which required repairs. 
Bryan's Supervisor, Ms. Mulholland, specifically testified that several chairs had previously been removed after having been found (evidently at random and not pursuant to any inspection protocol) to be in disrepair and unstable. It has been held that knowledge of prior incidents may give rise to a duty to inspect the remainder of the premises "for defects arising from the same cause, and to ascertain what was ascertainable with the exercise of reasonable care" (Rodriguez v Amigo, 244 AD2d 323, 325 [2d Dept 1997] [citations omitted]; see also Butnik v Luna Park Hous. Corp., 200 AD3d 1013 [2d Dept 2021]; Hermina v 2050 Valentine Ave. LLC, 120 AD3d 1131 [1st Dept 2014] [defendants with knowledge of issues with certain windows in building obligated to inspect all windows]). Despite the prior incidents, Bryan did not put in place any protocol for regular inspections of the dining room chairs for instability. The failure to have an inspection protocol in place is especially noteworthy in light of the [*7]undisputed fact that the dining room chairs have on them a label titled "PRODUCT CARE AND MAINTENANCE METAL CHAIRS" which reads, in relevant part, "Caution: This product should be examined at least every sixty (60) days for signs of damage, structural failure or instability" (Gray Aff., NYSCEF Doc. # 69, Addendum, Photographs 7 and 8). 
Ms. Mulholand's statement in her Affidavit in opposition to the motion, that none of the chairs which were previously removed due to instability had broken while in use, is of no moment. Bryan was aware of a recurrent issue involving instability of the floor-mounted seating and failed to inspect the remaining chairs, including the chair which is the subject of this action, for similar hazards. Ms. Mulholland's generalized testimony at her deposition that employees working in the dining area who notice safety issues bring those issues up the chain of command as they arise is insufficient to raise a triable issue of fact. Under the circumstances, defendants are charged with constructive notice of the condition which caused the accident.
In the alternative, the Court finds that this is the rare case in which a "plaintiff's circumstantial proof is so convincing and the defendant's response so weak that the inference of defendant's negligence is inescapable" and thus that summary judgment is warranted based on the doctrine of res ipsa loquitur (Morejon v Rais Const. Co., 7 NY3d 203, 209 [2006]). Plaintiff's submission satisfied the three conditions for application of the doctrine: that the injury-causing event (the extreme corrosion and eventual collapse of a floor-mounted metal chair support) does not occur in the absence of negligence, that the chair was in Bryan's exclusive control, and that plaintiff did not contribute to the event (Bichetti v Atlantic Toyota, 217 AD3d 743, 744 [2d Dept 2023]). In opposition, Bryan failed to raise a triable issue of fact as to any of the three conditions.
Accordingly, it is hereby
ORDERED that plaintiff's cross-motion (Seq. No. 3) to amend the caption to reflect the correct identity of the defendant property owner is granted, and the caption shall be and hereby is amended to name Brixmor SPE 6 LLC in place and instead of Brixmor SPE 2 LLC, and the caption, as so amended, shall hereafter read as follows:
X
JIMMY RIVERA and EILEEN VELEZ,
Plaintiffs,
Index No.:56770/2020
against-
BRYAN C. LIMITED PARTNERSHIP d/b/a
MCDONALD'S, BRIXMOR SPE 6 LLC, and
DALEWOOD 1 SHOPPING CENTER,
Defendants.
X;
and it is further
ORDERED that defendants' motion (Seq. No. 1) for summary judgment dismissing the complaint against Brixmor is granted, and the now correctly-named defendant property owner Brixmor SPE 6 LLC shall have judgment dismissing the complaint against it, and the Clerk shall enter judgment accordingly; and it is further
ORDERED that the branch of plaintiff's motion (Seq. No. 2) seeking summary judgment against Brixmor is denied; and it is further
ORDERED that the branch of plaintiff's motion (Seq. No. 2) seeking summary judgment against defendant Bryan C. Limited Partnership is granted, and plaintiff shall have judgment against the said defendant as to liability only, and any affirmative defenses in the said defendant's Answer asserting comparative negligence or culpable conduct on the part of plaintiff are hereby stricken and dismissed; and it is further
ORDERED that any trial in this matter shall be limited to the issue of plaintiff's recoverable damages against defendant Bryan C. Limited Partnership, if any; and it is further
ORDERED that the remaining parties shall appear for settlement conference on March 28, 2024 at 10:30 a.m. in Courtroom 1601.
The foregoing constitutes the Decision and Order of the Court.
Dated: February 26, 2024
E N T E R:
White Plains, New York
HON. DAMARIS E. TORRENT, A.J.S.C.
FILED VIA NYSCEF

Footnotes

Footnote 1:
 Plaintiff additionally filed a reply to defendants' opposition to their cross-motion. As CPLR 2214(b) does not provide for a reply on a cross-motion, this submission is not considered.

Footnote 2: Claims asserted by plaintiff Eileen Velez were discontinued by Stipulation dated November 5, 2021 (NYSCEF Doc. # 22).

Footnote 3: Plaintiff's submission indicates that video of the subject accident is annexed to his (Seq. No. 2) moving papers as Exhibit I; however, no video was received by the Court, and no Notice of Hard Copy Submission is filed on NYSCEF. The absence of the video does not affect the Court's determination of the within motions, as plaintiff's account of the happening of the accident is not disputed.

Footnote 4: In the interest of deciding plaintiff's motion for summary judgment on a complete record, the Court has considered this Affidavit despite it not being included with plaintiff's initial moving papers and having been filed to NYSCEF ten days after the deadline for summary judgment motions. As defendants' opposition was not required to be served until November 7, 2023, 26 days after plaintiff's belated filing of the expert Affidavit, defendants were afforded ample time to respond and did in fact respond to the contents of the Affidavit, and defendants thus are not prejudiced by the late filing. The evidently inadvertent omission of certain papers from plaintiff's filing on October 2, 2023 thus is disregarded pursuant to CPLR 2001, and the Court, on its own motion and in the exercise of its discretion, extends the time for plaintiff to file a complete set of moving papers, nunc pro tunc, to October 12, 2023 pursuant to CPLR 2004.

Footnote 5: Sally is further distinguishable in that the plaintiff in that matter had previously moved for and been granted leave to amend the complaint to add the property owner as a defendant but failed to file and serve a supplemental summons and amended complaint, and the plaintiff improperly attempted to cure this failure by moving more than two years later to correct what was then claimed to be a misnomer.

Footnote 6: The Court notes that the errata sheet is dated August 22, 2023, more than eight months after the statute of limitations expired.

Footnote 7: While the Court does not find the contents of the Affidavit of plaintiff's expert particularly persuasive for the purposes of summary judgment, as the conclusions therein appear to be based on unsupported assumptions and speculation as to the cleaning products used in the dining room and their potential effects on the metal support of the subject chair, expert testimony is not necessary to support plaintiff's prima facie showing on this motion, as the photographs depict an advanced state of corrosion which lay persons can understand to have developed over an extended time.