Nelson v White Plains Rd. Med. Servs., P.C. (2024 NY Slip Op 50365(U))

[*1]

Nelson v White Plains Rd. Med. Servs., P.C.

2024 NY Slip Op 50365(U)

Decided on April 5, 2024

Supreme Court, Bronx County

Capella, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 5, 2024
Supreme Court, Bronx County

Henrietta Nelson, as Administratix of the Estate of BRIDGET ROBLES, deceased, Plaintiff,

against
White Plains Road Medical Services, P.C., LEV S. TAYTS, D.O., ARKADIUSZ AREK JACHIMOWICZ, D.P.M., and MIKHAIL RISMAN, M.D., Defendants.

Index No. 26522/16

Attorney for Plaintiff:
Stephen P. Haber, Esq.
Law Offices of Stephen Haber
81 Main Street, Suite 304
White Plains, New York 10601
(914)997-1500
Attorney for WPRMS & Dr. Tayts:
Ellenberg Gannon Henninger et al
494 8th Avenue, 7th Floor
New York, New York 10001
(212)629-8585
Attorney for Dr. Jachimowicz:
Stevens & Traub, PLLC
336 West 37th St., Suite 1170
New York, New York 10018
(212)966-7442
Attorney for Dr. Risman:
Brian Meisner, Esq.
Voute, Lohrfink, McAndrew, et al
170 Hamilton Ave., Suite 315 
White Plains, New York 10601
(914)946-1400

Joseph E. Capella, J.

The following papers numbered 1 to 3 read on this motion noticed on August 18, 2023, and duly submitted on November 1, 2023.
PAPERS NUMBERED
NOTICE OF MOTION AND AFFIDAVITS 1
ANSWERING AFFIDAVIT AND EXHIBITS 2
REPLY AFFIDAVIT AND EXHIBITS 3
UPON THE FOREGOING CITED PAPERS, THE DECISION/ORDER IN THIS MOTION IS AS FOLLOWS:
Defendant, Mikhail Risman, M.D., moves for dismissal pursuant to CPLR 3211(a)(5) of the instant supplemental summons and amended complaint dated April 19, 2023, which alleges medical malpractice, lack of informed consent and wrongful death, on the theory that it is time barred by the applicable statute of limitations. The complaint alleges medical malpractice in connection with the care and treatment of a lower extremity that decedent, who passed away on March 20, 2015, received from defendants during the period of February 26, 2015, through March 19, 2015. Plaintiff's bill of particulars alleges, inter alia, that defendants deviated from the standard of care in failing to diagnose a thrombolytic condition of decedent's left leg.
A medical malpractice action must be commenced within two years and six months of the date of accrual, which is the date the malpractice allegedly takes place (CPLR § 214-a), and a wrongful death action must be commenced within two years. (EPTL § 5-41.) The original summons and complaint was filed September 26, 2016, and only named White Plains Road Medical Services, P.C. (WPRMS), Lev S. Tayts, D.O., and Arkadiusz Arek Jachimowicz, D.P.M., as defendants in the action. In October 2018, Dr. Risman, who was not a defendant in the action at the time, received a subpoena to give testimony as a non-party witness. WPRMS is a medical clinic, and there is no dispute that decedent saw Dr. Risman at WPRMS on March 10, 2015, where Dr. Risman was working as an independent contractor. Discovery proceeded until the Note of Issue was filed on April 1, 2019. In April 2023, the complaint was amended to include Dr. Risman, and Dr. Risman was served soon thereafter. Although the amended complaint is not timely for statute of limitation purposes, plaintiff is relying on the "relation back" doctrine to avoid dismissal based on same.
The relation back doctrine allows a claim asserted against a defendant added to an amended complaint to relate back to claims previously asserted against a co-defendant for statute of limitations purposes where the defendants are united in interest. (CPLR § 203(c); Buran v Coupal, 87 NY2d 173 [1995].) The doctrine was first enunciated by the Second Department in Brock v Bua, (83 AD2d 61 [1981]), then adopted by the Court of Appeals in Mondello v NY Blood, (80 NY2d 219 [1992]), and subsequently modified in Buran, (87 NY2d 173). The doctrine applies where (1) the claims arise out of the same conduct, transaction or occurrence, (2) the new party is united in interest with the original defendant(s), and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delay, and (3) the new party knew or should have known that, but for a mistake by plaintiff as to the identity of the proper parties, the action would have been brought against that party as well. (Buran, 87 NY2d 173; Austin v Interfaith, 264 AD2d 702 [2d Dept 1999].) The Court is satisfied that the first two conditions have been met; however, the third condition requires a mistake on the part of a plaintiff seeking the benefit of the relation back doctrine.
A mistake on the part of a plaintiff seeking to use the relation back doctrine does not include instances where a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable. In such instances there is no mistake, and plaintiff is not entitled to a second opportunity to assert a claim that is time barred. (Pappas v 31-08 Cafe, 5 AD3d 452 [2d Dept 2004].) As previously noted, Dr. Risman was deposed as a non-party in October 2018, and the Note of Issue was filed April 2019; therefore, his existence and participation in the care and treatment of decedent was known by plaintiff well before the amendment in April 2023. Plaintiff's excuse for the late addition of Dr. Risman is simply because the other defendants have no insurance coverage. This excuse does not satisfy the third condition of the relation back doctrine, specifically a mistake by plaintiff as to the identity of a proper party. As such, the [*2]instant motion by Dr. Risman for dismissal of the amended complaint as against him is granted, and the clerk is directed to enter judgment accordingly. Dr. Risman is directed to serve a copy of this decision with notice of entry upon all sides within 20 days of receipt of copy of same. This constitutes the decision and order of this court.
4/05/2024
Joseph E. Capella, J.S.C.