Sealey v National Gen. Ins. Co. (2025 NY Slip Op 02950)

Sealey v National Gen. Ins. Co.

2025 NY Slip Op 02950

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-01603
 (Index No. 506107/20)

[*1]Clourine Sealey, appellant, 
v
National General Insurance Company, defendant, MIC General Insurance Corporation, respondent.

Law Office of Brett M. Schatz P.C., New York, NY, for appellant.
Mound Cotton Wollan & Greengrass, LLP, New York, NY (Kevin F. Buckley, Arie J. Smith, and Rachel M. Horzempa Winship of counsel), for respondent and defendant.

DECISION & ORDER
In an action to recover damages for breach of an insurance contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne P. Saitta, J.), dated February 10, 2022. The order, insofar as appealed from, granted the motion of defendant MIC General Insurance Corporation, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint, and denied the plaintiff's cross-motion pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc, or, in the alternative, pursuant to CPLR 306-b for an extension of time to serve the supplemental summons and amended complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendant MIC General Insurance Corporation, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint is denied, that branch of the plaintiff's cross-motion which was pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc is granted, and that branch of the plaintiff's motion which was pursuant to CPLR 306-b for an extension of time to serve the supplemental summons and amended complaint is denied as academic.
The plaintiff owned certain premises located in Brooklyn (hereinafter the subject property), which was insured under a homeowner's policy issued by CastlePoint Insurance Company (hereinafter CastlePoint). In 2015, the plaintiff was informed that the policy would not be renewed by CastlePoint and would be replaced by a policy issued by MIC General Insurance Corporation (hereinafter MIC), which was owned by National General Insurance Company (hereinafter NGIC). In or around July 2017, the plaintiff received a letter welcoming her to "National General Insurance," which contained her homeowner's policy issued by MIC for the period covering September 9, 2017, to September 9, 2018 (hereinafter the subject policy). Pursuant to the terms of the subject policy, any action brought against MIC had to be commenced within two years from the date of loss.
On March 15, 2018, the subject property sustained water damage and the plaintiff submitted a claim to MIC under the subject policy. MIC issued a letter initially disclaiming coverage and thereafter, NGIC issued a supplemental denial of coverage letter, on MIC's behalf.
On March 11, 2020, the plaintiff commenced this action to recover damages for breach of the insurance contract. The summons and complaint erroneously named NGIC as the defendant. NGIC was served with process via service on the Department of Financial Services (hereinafter DFS) on July 8, 2020. DFS forwarded the summons and complaint to NGIC in care of Sally Hall, Claims Compliance Manager, at a certain address in North Carolina. On November 12, 2020, the plaintiff filed a supplemental summons and amended complaint, substituting the name "MIC" for "NGIC," and otherwise alleging the same facts and theories of liability. MIC was served by service on DFS on November 16, 2020. DFS forwarded the supplemental summons and amended complaint to MIC in care of Sally Hall at the same address as the original complaint had been sent.
Thereafter, MIC moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint, since it had not been filed within the two-year period of limitations set forth in the subject insurance policy. The plaintiff cross-moved pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc or, in the alternative, for an extension of time to serve the supplemental summons and amended complaint. In an order dated February 10, 2022, the Supreme Court, inter alia, granted MIC's motion and denied the plaintiff's cross-motion. The plaintiff appeals.
"CPLR 305(c) authorizes the court, in its discretion, to 'allow any summons or proof of service of a summons to be amended, if a substantial right of a party against whom the summons issued is not prejudiced'" (Jordan-Covert v Petroleum Kings, LLC, 199 AD3d 666, 668, quoting CPLR 305[c]; see Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d 648, 649). "'Where the motion is to cure a misnomer in the description of a party defendant, it should be granted even after the statute of limitations has run where (1) there is evidence that the correct defendant (misnamed in the original process) has in fact been properly served, and (2) the correct defendant would not be prejudiced by granting the amendment sought'" (Duncan v Emerald Expositions, LLC, 186 AD3d 1321, 1322, quoting Chambers v Prug, 162 AD3d 974, 974; see Ober v Rye Town Hilton, 159 AD2d 16, 19-20). "While CPLR 305(c) may be used to cure a misnomer in the description of a party defendant, it cannot be used after the expiration of the statute of limitations as a device to add or substitute an entirely new defendant who was not properly served" (Tokhmakhova v H.S. Bros. II Corp., 132 AD3d 662, 662; see Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d at 649). "The amendment may be made nunc pro tunc" (Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 668; see Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d at 650).
Here, the evidence established that MIC, misnamed in the original summons and complaint, was properly served with process within 120 days after the action was timely commenced (see CPLR 306-b), pursuant to the tolling period established by Executive Order (A.Cuomo) No. 202.8, codified as 9 NYCRR 8.202.8 (see Brash v Richards, 195 AD3d 582), and thus, the Supreme Court obtained jurisdiction over MIC (see Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d at 650; Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 669). Further, there is no evidence of any prejudice to MIC, as, inter alia, the original complaint included the insured's name, her policy number, the policy period, and the date of loss (see Jordan-Covert v Petroleum Kings, LLC, 199 AD3d at 669; see Holster v Ross, 45 AD3d 640, 642). MIC's contention that the plaintiff was improperly attempting to name a new defendant after the expiration of the statute of limitations, instead of merely correcting a misnomer, is without merit (see Brewster v North Shore/LIJ Huntington Hosp., 221 AD3d at 650; Duncan v Emerald Expositions, LLC, 186 AD3d at 1323; Holster v Ross, 45 AD3d at 642).
Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross-motion which was pursuant to CPLR 305(c) to deem the amended complaint timely served and filed nunc pro tunc and denied MIC's motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint.
In light of the foregoing, the parties' remaining contentions need not be reached.
BARROS, J.P., CHRISTOPHER, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court